

**Joseph D. Garrity, Esq.**
101 N.E. THIRD AVENUE, SUITE 1800
FORT LAUDERDALE, FLORIDA 33301
(954) 462-8000
www.loriumlaw.com

September 5, 2023

**VIA E-FILING**
Honorable Madeline Cox Arleo, U.S.D.J.
Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: Monib Zirvi, M.D., Ph.D. v. Illumina, Inc. et al.

Civil Action No.: 23-1997-MCA/JSA

Your Honor Judge Allen,

In response to the recent request by Defendants Thermo Fisher Scientific, Rip Finst, and Sean Boyle (ECF No. 77) filed on August 25, 2023, seeking to join Defendant Illumina's request to stay discovery (ECF No. 64) filed by Defendant Illumina, based on Illumina's pending Motion to Dismiss (ECF No. 63), and we represent the plaintiff, Dr. Zirvi, and wish to oppose the stay.

This case was filed with this court on April 8, 2023. All parties have been served with the Complaint. Counsel for Defendants Thermo Fisher Scientific, Rip Finst, and Sean Boyle ("Thermo Defendants") made a Notice of Appearance on April 12, 2023. (ECF No. 6) The undersigned agreed to an extension of time to respond to the Complaint by the Thermo Defendants to include up to and through September 19, 2023, which is exactly <u>23 weeks (over 5 months) after</u> the Notice of Appearance.

Thermo Defendants now seek to join in a Motion to Stay Discovery claiming that their "forthcoming" Motion to Dismiss would demonstrate "…plaintiff Monib Zirvi's lawsuit is frivolous and vexatious." (ECF No. 77) Yet somehow the same Thermo Defendants joined with Illumina on May 10, 2023, in requesting a sixty (60) day extension to respond to the Complaint "… due to the number and complexity of the issues raised in the Complaint." (ECF No. 18) The Thermo Defendants seem to argue the Complaint contains a complexity of issues and at the same time be frivolous. It is difficult to imagine this argument could be made out of a singular side of one's mouth.

Thermo Fisher Defendants were right to join an extensive extension of time to respond to the Complaint. The Complaint does contain a myriad of complexities created by the ruse that former Plaintiff (Thermo Fisher) and Defendant (Illumina) were adversaries, while secretly working to exclude Dr. Zirvi, who was clearly aligned with Plaintiff, from any enforcement of his rights. Thermo Fisher Defendants and Illumina's collusion was hidden from Dr. Zirvi. The collusion took place long after the false 2010 foothold all Defendants would like this Court to focus on. Thermo Fisher Defendants' letter states, "…the

Southern District of New York determined, and the Second Circuit affirmed, that the relevant statutes of limitation began to run, at the very latest, in 2010, and thus those statutes ran out, at the latest, in 2014." ECF No. 77, pg. 2) The alleged acts of malpractice, collusion, and continued coverup alleged in this Complaint happened long after 2010. Thermo Fisher Defendants are well aware of the insignificance of 2010 regarding their acts several years later to subvert Dr. Zirvi's rights by colluding with Illumina.

      No Defendant has cited a case where a court has denied relief to a third party, like Dr. Zirvi, under similar circumstances. It would be difficult to find parties so brazen that they would use a courtroom to make a backroom deal at the expense of Dr. Zirvi. Instead of defending what happened when and after the parties colluded, the Defendants for obvious reasons want the Court to focus on claims that accrued before the collusion. Clearly, no Defendant wants to respond to discovery requests regarding the joint efforts to extinguish Dr. Zirvi's claims. No Defendant wants to respond to discovery requests regarding secret collaborations to develop joint products such as "Ampliseq for Illumina", nor secret side-deals that took place during active litigation when said defendants were pretending to be adversaries. No Defendant wants to respond to discovery requests regarding potential fraud on the courts during said and subsequent litigation.

      Plaintiff filed an extensive response to Illumina's Motion to Stay. The argument included Movant's burden to stay discovery even where a Motion to Dismiss was <u>filed</u> with the court. Now the Thermo Fisher Defendants want a stay based upon a "to be filed" Motion to Dismiss. Thermo Fisher Defendants offer no evidence to support their request. Thermo Fisher Defendants offer no case law to support their request. For that reason alone, the request to stay discovery should be denied.

      In conclusion, the Motion to Stay filed by the Thermo Fisher Defendants should be denied. Dr. Zirvi does not consent to the proposed stay, and we respectfully request that the court allow discovery to proceed as scheduled.

Respectfully,

Sincerely,

*Joseph D. Garrity*

Joseph D. Garrity, Esq.
For The Firm

**LORIUM LAW**

ATLANTA     BOCA RATON     CHICAGO     FT. LAUDERDALE