

Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

October 4, 2023

**VIA ECF**
Hon. Jessica S. Allen, U.S.M.J.
United States District Court
MLK Jr. Federal Bldg. and U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      **Re:** *Zirvi v. Illumina, Inc., et al.*
           **2:23-cv-1997-MCA-JSA**

Dear Judge Allen:

      My firm, along with Sidley Austin LLP, represents Defendant Illumina, Inc. ("Illumina") in the above-referenced matter.

      The Court's Letter Order dated July 11, 2023, provides that "[n]o motions, other than a motion under Fed. R. Civ. P. 12, shall be filed without prior leave of Court." ECF No. 56. Pursuant to that Order, Illumina respectfully submits this letter to seek leave of Court to file a motion for sanctions under Federal Rule of Civil Procedure 11 prior to the Court's decision on Illumina's pending motion to dismiss. ECF Nos. 63, 63-1. The relevant motion papers are included as exhibits to this letter for the Court's reference.

      The Third Circuit has adopted "a supervisory rule for the courts in [this] Circuit" requiring "that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988). District Courts, including Judge Arleo, have accordingly denied motions for sanctions as untimely even when such motions are filed very shortly after a dismissal. *See, e.g.*, *Cymonisse v. Fair Cap., LLC*, No. 20-2430, 2021 WL 1178653, at *4 (D.N.J. Feb. 24, 2021), *report & recommendation adopted*, 2021 WL 1175161 (D.N.J. Mar. 26, 2021) (Arleo, J.) (motion for sanctions filed two weeks after dismissal); *Cresskill Volunteer First Aid Squad v. Borough of Cresskill*, No. 05-3294, 2006 WL 8458352, at *1 (D.N.J. Jan. 25, 2006) (same). To



October 4, 2023

avoid running afoul of that supervisory rule, therefore, Illumina must file its motion for sanctions prior to the Court deciding the pending motion to dismiss.

The motion for sanctions is well founded. Illumina has made every effort to avoid pursuing such a motion, having notified Plaintiff's counsel multiple times of the fundamental and incurable problems with the allegations in the Complaint, and informing him that Illumina would seek sanctions if the Complaint was not withdrawn.

On June 1, 2023, Illumina first wrote to Plaintiff's counsel and outlined the basis for the Rule 11 violations at issue. Illumina requested that Plaintiff withdraw the Complaint by June 15, 2023, warning that failure to do so would lead Illumina to pursue all available remedies and sanctions. That letter is attached as Exhibit 1 to the motion for sanctions. Illumina never received a response. *See also* Fed. R. Civ. P. 11, Advisory Committee's Note to 1993 Amendment ("In most cases … counsel should be expected to give informal notice to the other party," including by "letter[ ] of a potential violation before proceeding to prepare and serve a Rule 11 motion"). Other defendants likewise notified Plaintiff's counsel of their intent to seek sanctions if the Complaint was not withdrawn. Plaintiff's counsel did respond to the other defendants' Rule 11 letter, and the response showed that this latest case in a decade of serial litigation has nothing to do with Illumina.

On August 2, 2023, Illumina filed its motion to dismiss and to strike. ECF Nos. 63, 63-1. Plaintiff's opposition (ECF No. 78) largely failed to respond to Illumina's arguments and made a number of concessions that confirm this case should be dismissed, as explained in Illumina's reply brief (ECF No. 80).

On September 12, 2023, pursuant to Rule 11(c)(2), Illumina served its motion for sanctions and supporting brief and exhibits on Plaintiff's counsel, via both overnight mail and email. Ex. A. Illumina's motion and supporting brief again detailed why the claims alleged against Illumina are legally unreasonable and without factual foundation. The motion also highlighted additional bases for seeking sanctions in light of further developments since Illumina's initial June 1 letter—namely, examples of repeated and egregious misconduct throughout the course of this litigation. In its cover letter that accompanied the motion, Illumina made clear that the service of its motion on Plaintiff's counsel would be its final warning before raising these issues with the Court. Ex. A. Illumina also noted the lack of response to its initial June 1 letter, and the apparent unwillingness to resolve these issues.



October 4, 2023

     The 21-day period for Plaintiff to withdraw the Complaint expired on October 3, 2023.  Fed. R. Civ. P. 11(c)(2).  Illumina has yet to receive a response to its September 12, 2023 cover letter and motion for sanctions, and Plaintiff has not withdrawn the claims against Illumina.  That lack of response now compels Illumina to seek leave of Court to file its motion for sanctions.

     Accordingly, Illumina respectfully requests that the Court grant leave to file its motion for sanctions under Rule 11, attached as exhibits hereto for the Court's reference.  If the Court grants the motion, Illumina will promptly file its motion, as the 21-day safe harbor provided by Rule 11(c)(2) has now expired.

Dated:  October 4, 2023

                                          Respectfully submitted,

                                          */s/ Keith J. Miller*
                                          Keith J. Miller

                                          ROBINSON MILLER LLC
                                          Keith J. Miller
                                          Ironside Newark
                                          110 Edison Place, Suite 302
                                          Newark, NJ  07102
                                          Telephone: (973) 690-5400
                                          Fax: (973) 466-2761
                                          kmiller@rwmlegal.com

                                          SIDLEY AUSTIN LLP
                                          Bradford J. Badke (*pro hac vice*)
                                          Ching-Lee Fukuda (*pro hac vice*)
                                          787 Seventh Avenue
                                          New York, NY  10019
                                          Telephone: (212) 839-5300
                                          Fax: (212) 839-5599
                                          jbadke@sidley.com
                                          clfukuda@sidley.com



October 4, 2023

SIDLEY AUSTIN LLP
Joshua J. Fougere (*pro hac vice*)
Adam Kleven
1501 K Street NW
Washington, DC  20005
Telephone: (202) 736-8000
Fax: (202) 736-8711
jfougere@sidley.com
akleven@sidley.com

***Counsel for Defendant Illumina Inc.***

CC: All counsel of record (via ECF)