## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MONIB ZIRVI, <br><br> *Plaintiff*, <br><br> v. <br><br> ILLUMINA, INC., THERMO FISHER SCIENTIFIC, AKIN GUMP STRAUSS HAUER & FELD LLP, LATHAM & WATKINS, RIP FINST, SEAN BOYLE, MATTHEW A. PEARSON, ANGELA VERRECCHIO, ROGER CHIN, and DOUGLAS LUMISH, <br><br> *Defendants*. | Case No. 2:23-cv-01997-MCA-JSA <br><br> Honorable Madeline Cox Arleo <br> United States District Court Judge |

## MEMORANDUM OF LAW IN SUPPORT OF ILLUMINA INC.'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

## **TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY ........................................................1

BACKGROUND ...................................................................................3

    A. Plaintiff's Involvement in Multiple Prior Lawsuits ........................3

        1. *Cornell Univ. v. Illumina* ..................................................3

        2. *Zirvi v. Flatley* – The SDNY Litigation ...................................5

        3. *Zirvi v. U.S. NIH* ..............................................................6

    B. The Present Lawsuit ...............................................................8

    C. Rule 11 Warnings to Plaintiff's Counsel And The Instant Motion ...............12

LEGAL STANDARD ..............................................................................14

ARGUMENT ........................................................................................15

I.  PLAINTIFF'S CLAIMS AGAINST ILLUMINA ARE LEGALLY UNREASONABLE BECAUSE THEY ARE BARRED BY RES JUDICATA ....................................................................................15

II.  PLAINTIFF'S CLAIMS AGAINST ILLUMINA ARE FRIVOLOUS FOR ADDITIONAL REASONS. ...................................................19

    A. Plaintiff's Civil Conspiracy Claim Against Illumina Is Legally Unreasonable and Lacks Any Factual Foundation ..............................19

    B. Plaintiff's Correction of Inventorship Claim Against Illumina Is Legally Unreasonable And Lacks Any Factual Foundation ......................22

    C. The Complaint Makes Allegations That Are A Strong Indication of Harassment ...................................................................25

III. AN AWARD OF ILLUMINA'S ATTORNEYS' FEES AND COSTS IS WARRANGED ..............................................................................26

CONCLUSION .....................................................................................30

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ally Fin., Inc. v. Mente Chevrolet Oldsmobile, Inc.*,
No. 11-cv-7709, 2012 WL 4473240 (E.D. Pa. Sept. 28, 2012) ............14, 15, 19

*Balthazar v. Atl. City Med. Ctr.*,
279 F. Supp. 2d 574 (D.N.J. 2003),
*aff'd*, 137 F. App'x 482 (3d Cir. 2005).......................................................16, 17

*Banco Popular N. Am. v. Gandi*,
876 A.2d 253 (N.J. 2005) ....................................................................................20

*Bowden v. DB Schenker*,
No. 1:17-cv-01999, 2018 WL 1203362 (M.D. Pa. Mar. 8, 2018)..............*passim*

*Boykin v. Bloomsburg Univ. of Pa.*,
905 F. Supp. 1335 (M.D. Pa. 1995)....................................................................20

*Cameron's Hardware, Inc. v. Indep. Blue Cross*,
No. 08-cv-15, 2008 WL 2944697 (E.D. Pa. July 28, 2008)............16, 18, 26, 30

*Cohen v. Kurtzman*,
45 F. Supp. 2d 423 (D.N.J. 1999)..................................................................21, 27

*Collins v. W. Digital Techs., Inc.*,
No. 2:09-cv-219, 2011 WL 3849310 (E.D. Tex. Aug. 29, 2011) ......................24

*Cornell Univ. v. Illumina, Inc.*,
No. 10-cv-433, 2017 WL 89165 (D. Del. Jan. 10, 2017)....................................4

*Cornell Univ. v. Illumina, Inc.*,
No. 10-cv-433, 2018 WL 1605142 (D. Del. Mar. 29, 2018)........................5, 22

*Del Sontro v. Cendant Corp.*,
223 F. Supp. 2d 563 (D.N.J. 2002).................................................................2, 19

*Dunleavy v. Gannon*,
No. 2:11-cv-0361, 2012 WL 259382 (D.N.J. Jan. 26, 2012) ......................17, 30

*Edwards v. Wells Fargo Bank*,
No. 1:19-cv-14409, 2023 WL 112451 (D.N.J. Jan. 5, 2023) ............................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

*Elkadrawy v. Vanguard Grp., Inc.*,
 584 F.3d 169 (3d Cir. 2009) .................................................................29

*Esso Standard Oil Co. v. Lopez-Freytes*,
 522 F.3d 136 (1st Cir. 2008)................................................................29

*Estate of Blue v. Cnty. of L.A.*,
 120 F.3d 982 (9th Cir. 1997) .........................................................16, 20

*Evans v. Gloucester Twp.*,
 No. 14-cv-7160, 2016 WL 3556604 (D.N.J. June 29, 2016) ...............16, 27, 30

*Feuss v. Enica Eng'g, PLLC*,
 No. 20-02034, 2021 WL 1153146 (D.N.J. Mar. 26, 2021).........................22, 23

*Giercyk v. Nat'l Union Fire Ins. Co.*,
 No. 13-6272, 2015 WL 7871165 (D.N.J. Dec. 4, 2015) ....................................21

*Golden State Med. Supply Inc. v. AustarPharma LLC*,
 No. 21-17137, 2022 WL 2358423 (D.N.J. June 30, 2022) .........................21, 25

*Grynberg v. Total Compagnie Francaise Des Petroles*,
 891 F. Supp. 2d 663 (D. Del. 2012)...................................................18

*Grynberg v. Total Compagnie Francaise Des Petroles*,
 No. 10-1088, 2013 WL 5459913 (D. Del. Sept. 30, 2012) ...............................18

*Huster v. j2 Cloud Servs., Inc.*,
 682 F. App'x 910 (Fed. Cir. 2017) .......................................................22

*Johnson v. A.W. Chesterton Co.*,
 18 F.3d 1362 (7th Cir. 1994) ...............................................................20

*Kamdem-Ouaffo v. PepsiCo Inc.*,
 657 F. App'x 949 (Fed. Cir. 2016) .......................................................22

*Kourradi v. Brown*,
 No. 18-cv-13038, 2022 WL 1261546 (D.N.J. Apr. 28, 2022) ....................15, 25

*Kretz v. Hernandez*,
 No. 12-3152, 2016 WL 6471444 (D.N.J. Oct. 31, 2016)..................................19

iii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

*Larson v. Correct Craft, Inc.*,
    569 F.3d 1319 (Fed. Cir. 2009) ..........................................................................23

*Lentini v. McDonald's USA*,
    No. 19-4596, 2019 WL 4746420 (D.N.J. Sept. 30, 2019)................................20

*Lewis v. Smith*,
    480 F. App'x 696 (3d Cir. 2012) ...............................................................16, 29

*Lismont v. Alexander Binzel Corp.*,
    813 F.3d 998 (Fed. Cir. 2016) ........................................................................23

*Lubrizol Corp. v. Exxon Corp.*,
    929 F.2d 960 (3d Cir. 1991) .............................................................................13

*Matlin v. Spin Master Corp.*,
    979 F.3d 1177 (7th Cir. 2020) ....................................................................1, 15

*Mendez v. Draham*,
    182 F. Supp. 2d 430 (D.N.J. 2002).............................................................17, 26

*Microsoft Corp. v. Softicle.com*,
    No. 16-cv-2762, 2018 WL 10150934 (D.N.J. Oct. 12, 2018)...........................18

*In re Mondelli*,
    No. 10-cv-3393, 2011 WL 1211433 (D.N.J. Mar. 29, 2011),
    *aff'd*, 508 F. App'x 131 (3d Cir. 2012).......................................................15, 29

*Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*,
    855 F.2d 1080 (3d Cir. 1988) ....................................................................*passim*

*In re PersonalWeb Techs. LLC*,
    961 F.3d 1365 (Fed. Cir. 2020) .......................................................................13

*Red Carpet Studios v. Midwest Trading Grp., Inc.*,
    No. 1:12-cv-501, 2016 WL 5661681 (S.D. Ohio Sept. 30, 2016) ....................24

*Rogers v. Maretz*,
    No. 08-3334, 2012 WL 1192848 (D.N.J. Jan. 17, 2012) ..................................20

# TABLE OF AUTHORITIES

**Page(s)**

*Serdarevic v. Advanced Med. Optics, Inc.*,
  No. 06-cv-7107, 2007 WL 2774177 (S.D.N.Y. Sept. 25, 2007),
  *aff'd*, 532 F.3d 1352 (Fed. Cir. 2008)..........................................................23, 25

*Shukh v. Seagate Tech., LLC*,
  803 F.3d 659 (Fed. Cir. 2015) ......................................................................22

*Stark v. Advanced Magnetics*,
  119 F.3d 1551 (Fed. Cir. 1997) ....................................................................29

*Willoughby v. Zucker, Goldberg & Ackerman, LLC*,
  No. 13-7062, 2014 WL 2711177 (D.N.J. June 16, 2014) .................................20

*Zirvi v. Flatley*,
  433 F. Supp. 3d 448 (S.D.N.Y.),
  *aff'd*, 838 F. App'x 582 (2d Cir. 2020)......................................................*passim*

*Zirvi v. U.S. Nat'l Inst. of Health*,
  No. 3:20-cv-07648, 2022 WL 1261591 (D.N.J. Apr. 28, 2022) ...............6, 7, 27

*Zuk v. E. Pa. Psychiatric Inst.*,
  103 F.3d 294 (3d Cir. 1996) ...............................................................19, 20, 21

**Statutes & Rules**

28 U.S.C. § 1927....................................................................................16

Fed. R. Civ. P. 11 ..........................................................................1, 14, 26

Fla. Bar R. 4-4.2........................................................................................28

L. Civ. R. 7.2(d) ........................................................................................29

N.J. Ct. R. app. 3 R.R. 3.3............................................................................28

N.J. Ct. R. app. 3 R.R. 4.2............................................................................28

**Other Authorities**

U.S. Patent No. 7,455,965 (filed Nov. 25, 2008) ...............................................4, 21

## INTRODUCTION AND SUMMARY

Federal Rule of Civil Procedure 11 "requires an attorney who signs a complaint to certify both that it is not interposed for improper purposes, such as delay or harassment, and that there is a reasonable basis in law and fact for the claim." *Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1090 (3d Cir. 1988). The Complaint filed against Illumina fails each of those requirements. Just like *Napier*, Plaintiff's counsel has filed "a claim clearly precluded by the statute of limitations and identical to at least one, and possibly two, other claims already adjudicated," and the "res judicata bar" renders the case "legally frivolous" in addition to being "not well grounded in fact." *Id.* at 1091.

Courts have awarded sanctions when faced with a complaint—like this one— for which a proper Rule 11 inquiry would have revealed numerous flaws.

First, a straightforward application of res judicata requires dismissal, and "bringing a claim that is barred by *res judicata* is sanctionable." *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1181 (7th Cir. 2020) (cleaned up). This case is simply the latest in a series of failed "multiple litigations," Compl. ¶ 15, in which Plaintiff has unsuccessfully pursued the exact accusations he again presses here. Most importantly, he filed and lost a case in New York from which the Complaint in this case liberally copies the same allegations. *Zirvi v. Flatley*, 433 F. Supp. 3d 448 (S.D.N.Y.), *aff'd*, 838 F. App'x 582 (2d Cir. 2020) ("the SDNY litigation").

1

Illumina requests that the Court impose sanctions to put an end to Plaintiff's lawsuits once and for all.

Second, the claims against Illumina for civil conspiracy and correction of inventorship are legally unreasonable and lack any factual foundation for additional reasons. The conspiracy claim is, among other things, time-barred, Illumina Mem. In. Supp. of Mot. Dismiss & Mot. Strike ("MTD") 20–21, ECF No. 63-1, and "sanctions are appropriate when complaints are filed in clear violation of the statute of limitations." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 582 (D.N.J. 2002) (collecting cases). For the correction of inventorship claim, competent research would have revealed that, among other things, Plaintiff cannot establish standing based on any alleged "reputational harm." MTD 24–29. Thus, this claim is also legally unreasonable and lacks any factual foundation, warranting sanctions.

Finally, the Complaint includes allegations that serve no plausible purpose in this case beyond harassment. The random assertions about miscellaneous Illumina corporate activities and management, or quotes from an activist investor, have no possible relation to this case. They therefore represent a transparent fishing expedition to embarrass Illumina, and readily satisfy the standard for a motion to strike. *See* MTD 31–32. And that is an "improper purpose" under Rule 11.

Illumina requests that the Court award sanctions—including attorneys' fees and costs—for the serial filing of repeat baseless claims.

## BACKGROUND

### A.    Plaintiff's Involvement in Multiple Prior Lawsuits

As the Complaint recognizes, Plaintiff has been involved in "multiple litigations" in which he has filed various claims alleging that Illumina "usurp[ed]" his "intellectual property." *See* Compl. ¶¶ 15, 40, 43.  Over the past decade, he has lodged three such suits, including this one, and was adverse to Illumina in yet another case filed in 2010.  *See Zirvi v. Flatley*, 433 F. Supp. 3d 448 (S.D.N.Y.), *aff'd*, 838 F. App'x 582 (2d Cir. 2020); *Zirvi v. U.S. Nat'l Inst. of Health*, No. 3:20-cv-07648 (D.N.J.); *Cornell Univ. v. Illumina, Inc.*, No. 10-cv-433 (D. Del.) ("*Cornell Delaware case*").  Throughout, Plaintiff has continued to trot out the same amorphous conspiracy theory, which stretches back to 1994 and gestures at a sprawling multi-decade effort by Illumina to file patents containing the purportedly "usurp[ed]" trade secrets (i.e., the ZipCodes).  He has lost at every turn.

### 1.    *Cornell Univ. v. Illumina*

Plaintiff's serial involvement in Illumina-related lawsuits started with the *Cornell* Delaware case, which both this case and the SDNY litigation highlight.  *See, e.g.*, Compl. ¶¶ 15–27, 30–32.  Cornell and Thermo Fisher's predecessors filed that suit in 2010, alleging patent infringement claims against Illumina related to "Array Patents" covering the same Universal Arrays and ZipCode technologies at issue in SDNY and here.  *See Zirvi v. Flatley*, 433 F. Supp. 3d at 457–58 (citing *Cornell*

3

*Univ. v. Illumina, Inc.*, No. 10-cv-433, 2017 WL 89165 (D. Del. Jan. 10, 2017)). Plaintiff was listed as a co-inventor on several of the Cornell patents-at-issue in that case. *E.g.*, Third Am. Compl. ¶¶ 12–13, 33–34, 36–37, *Cornell* Delaware Case, No. 10-cv-433 (D. Del. Aug. 7, 2015), ECF No. 299. Despite being credited as an inventor on those (separate) patents and having assigned his patent and invention rights to Cornell, Plaintiff now says that case involved Illumina's alleged "illicit taking" of *his* intellectual property. Compl. ¶ 15; *see* U.S. Patent No. 7,455,965 (filed Nov. 25, 2008).

Plaintiff was not a party but, as a named inventor, had extensive involvement in that case, communicating with and being "advised … by Attorneys for" Cornell and Thermo Fisher "[t]hroughout the litigation." Compl. ¶¶ 16–17. For example, in August 2015, after his deposition, Plaintiff claims that "lawyers for ThermoFisher instruct[ed]" him to "search for any patents … that might be used as evidence." Second Am. Compl. ¶ 9, *Zirvi v. Flatley*, No. 1:18-cv-07003-JGK (S.D.N.Y. Feb. 8, 2019), ECF No. 127 ("SDNY SAC"). Although the case settled in 2017 (after an adverse claim construction order against Cornell and Thermo Fisher), Plaintiff has alleged that his subsequent search led him "all the way back to 1994," *id.* ¶ 13, supposedly "reveal[ing]" a sprawling, "multi-decade" conspiracy, "as manifested in the years of patent filings containing alleged purloined trade secrets." *Zirvi v. Flatley*, 433 F. Supp. 3d at 458 (citing SDNY SAC ¶¶ 515–35).

As alleged in the dismissed SDNY litigation, the Complaint roots an alleged fraud scheme in the settlement of the *Cornell* litigation. *Compare, e.g.*, SDNY SAC ¶¶ 7, 188, 488–91 (alleging without any factual basis that Illumina and Thermo Fisher "colluded to fraudulently induce a settlement"), *with* Compl. ¶¶ 15–27 (alleging that the case "fraudulently settled"). Cornell moved to overturn the settlement on a fraud theory as well. The District of Delaware denied that motion, finding that "Cornell does not actually have **evidence** of Illumina acting in furtherance of fraud, but instead makes speculative allegations." *See Cornell Univ. Illumina, Inc.*, No. 10-cv-433, 2018 WL 1605142, at *1–2, 4 n.7 (D. Del. Mar. 29, 2018). Years later, the current Complaint adds nothing new to that rank speculation.

### 2.    *Zirvi v. Flatley* – The SDNY Litigation

Just months after the Delaware Court denied Cornell's motion to vacate the settlement in March 2018, Plaintiff filed his own lawsuit in SDNY against Illumina and others in August 2018. Plaintiff sued Illumina for misappropriation of trade secrets and civil conspiracy, while also rehashing grievances with the *Cornell* settlement. *See, e.g.*, *Zirvi v. Flatley*, 433 F. Supp. 3d at 457–58. The alleged trade secrets in the SDNY case were the same Universal Arrays and ZipCodes that are now at issue in the present case. *See, e.g*., SDNY SAC ¶¶ 109.I, 109.IV, 601–07, 612. Plaintiff's SDNY claims were dismissed with prejudice by Judge Koeltl on the pleadings, and the Second Circuit affirmed. *Zirvi v. Flatley*, 433 F. Supp. 3d 448,

*aff'd*, 838 F. App'x 582. The court found the claims to be time-barred, because Plaintiff knew or should have known about the alleged facts "no later than 2010." *Id*. at 459–63.

### 3.    *Zirvi v. U.S. NIH*

Months after the January 2020 dismissal in SDNY, Plaintiff returned to court in June 2020 alleging these same theories. This time, he filed a FOIA case here in the District of New Jersey in yet another attempt "[t]o uncover information evidencing collusion between Illumina and Thermo Fisher." *See* FOIA Compl. ¶ 13, *Zirvi v. U.S. Nat'l Inst. of Health*, No. 3:20-cv-07648, (D.N.J. June 23, 2020), ECF No. 1. Plaintiff sought documents from the Patent and Trademark Office related to the same patent "dispute between Cornell University and Illumina"—including the *Cornell* settlement agreement—as well as confidential and commercially-sensitive business information (covered by a FOIA exemption) in Illumina grant applications to other agencies. *See Zirvi v. U.S. Nat'l Inst. of Health* ("*NIH*"), No. 3:20-cv-07648, 2022 WL 1261591, at *1–2 (D.N.J. Apr. 28, 2022). Illumina intervened in the proceedings to protect its non-public information. *Id.* at *1–2; Illumina Mot. Intervene, *NIH*, No. 3:20-cv-07648 (D.N.J. Sept. 1, 2020), ECF No. 12.

The same conspiracy and fraud themes as in this case permeated the FOIA Complaint. FOIA Compl. ¶¶ 4, 8–13, 20–22, 27–28, 32, 35–38, 40–41, 45, 48–53, 56–59. For example, Plaintiff based his FOIA requests on allegations that

"Illumina … has improperly used intellectual property strategies, including by usurping the intellectual property of [Plaintiff] and others, and collusive partnership agreements with competitors to maintain its monopoly power in the DNA sequencing market." *Id*. ¶ 9; *id.* ¶ 21 (alleging "Illumina was secretly hiding … trade secrets developed in the [Cornell] Barany laboratory (including by Dr. Zirvi)"), ¶ 52 ("Ampliseq" allegations), ¶ 58 (referring to patents and the *Zirvi v. Flatley* case). Plaintiff also sought production of "any partnership agreements between Illumina and Thermo Fisher," alleging that such agreements would "include information relating to a fraudulently induced settlement agreement." *Id.* ¶¶ 10–11 (alleging "Cornell University *and Dr. Zirvi* fought back against Illumina's conduct" in the Delaware case (emphasis added)).

Judge Quraishi granted summary judgment for Illumina and the agencies and denied Plaintiff's requests. *NIH*, 2022 WL 1261591, at *1, 4–8. The Court held that the information was protected by FOIA Exemption 4, which covers "privileged or confidential information supplied to an agency … that contains commercial or financial information, or trade secrets." *Id.* at *4–6 (citation omitted). The Court also concluded that Plaintiff's crime-fraud arguments "largely ignore[d] the relevant standards" and "caselaw," noting his position was "legally unsupported" and "completely unworkable" in the FOIA context. *Id.* at *7.

**B.    The Present Lawsuit**

Plaintiff remains undeterred by his prior losses.  One year after his loss in the FOIA litigation, Plaintiff filed this lawsuit based on the same core facts and themes as his prior litigations.  Plaintiff has again sued Illumina and Thermo Fisher, and added two law firms and several individual attorneys across four claims.  Compl. ¶¶ 1–4.  Two of those claims are asserted against Illumina: (1) Count I for correction of inventorship of 52 Illumina patents, and (2) Count IV for civil conspiracy.

As detailed in Illumina's motion to dismiss, a side-by-side comparison between the current Complaint and the SDNY complaint reveals a striking overlap and recycling of allegations against Illumina:

| Categories of Major Allegations | Exemplary Allegations from the Complaint Here | Exemplary Allegations from the SDNY Second Amended Complaint |
|---|---|---|
| Patents referenced | International Patent Application No. W097/31256 (¶¶ 28, 29) | International Patent Application No. W097/31256 (*e.g.*, ¶¶ 135, 163, 165, 202-03, 219–20) |
| | Referenced Issued Patents:<br>• 6858394 (¶¶ 45e, 56–59, 62a)<br>• 7033754 (¶¶ 45h, 50, 56–59, 62a)<br>• 7563576 (¶¶ 45*o*, 56–59, 62a)<br>• 7670810 (¶¶ 45s, 56–59, 62a)<br>• 7955794 (¶¶ 45y, 50–51, 53, 56-59, 62a)<br>• 8486625 (¶¶ 45*ll*, 56–59, 62a)<br>• 9279148 (¶¶ 45ww, 50, 56-59, 62a) | Referenced Issued Patents:<br>• 6858394 (¶ 219)<br>• 7033754 (¶¶ 221, 382–83)<br>• 7563576 (¶ 598.I)<br>• 7670810 (¶ 468)<br>• 7955794 (¶¶ 45, 442, 449, 452, 493–94, 596)<br>• 8486625 (¶ 589)<br>• 9279148 (¶ 589) |

8

| Categories of Major Allegations | Exemplary Allegations from the Complaint Here | Exemplary Allegations from the SDNY Second Amended Complaint |
|---|---|---|
| | • 9441267 (¶¶ 45zz, 50, 56–59, 62a)<br><br>Referenced Applications:<br>• Provisional application 60/180,810 (¶¶ 50–51)<br><br>Referenced patents in which the *application* is referenced in the SDNY complaint:<br>• 6355431 (¶¶ 45a, 56–59, 62a)<br>• 6620584 (¶¶ 45b, 56–59, 62a)<br>• 7060431 (¶¶ 45*i*, 50, 56–59, 62a)<br>• 7226734 (¶¶ 45k, 50, 56-59, 62a) | • 9441267 (¶ 589)<br><br>Referenced Applications:<br>• Provisional application 60/180,810 (¶¶ 228, 255, 258–59, 262, 342, 399, 416)<br><br>Referenced applications in which the *issued patent* is referenced in the DNJ complaint:<br>• 09/517945 (issued as 6355431) (¶¶ 269–77)<br>• 09/574,117 (issued as 6620584) (¶¶ 285–308)<br>• 09/344,526 (issued as 7060431) (¶¶ 341, 375)<br>• 10/187,321 (issued as 7226734) (¶ 447) |
| Illumina "purloined" Plaintiff's ZipCode work. | ¶ 40 ("Plaintiffs [sic] 465 and 4633 ZipCode sets which Kevin Gunderson and Mark Chee and Ilumina [sic] purloined as Illumacodes 1-16"), ¶ 58. | ¶ 34 ("These and the 16 Zip Code sequences which came directly from the original 465-list document, brazenly purloined by Illumina in the same order and improperly renamed by Illumina as 'Illumacodes'"); *see also* ¶¶ 159, 424, 607, 625. |
| Illumina's patents and patent applications incorporate Plaintiff's ZipCode work. | ¶ 40 ("The patents were issued by the USPTO without Plaintiff as a named inventor solely because Illumina knowingly and fraudulently withheld this usurpation of intellectual | ¶ 26 (Illumina "falsely filed one patent application after another, continuously changing the filer's name and the Plaintiffs' proprietary nomenclature"); *see also* ¶¶ 27–29, 606. |

9

| Categories of Major Allegations | Exemplary Allegations from the Complaint Here | Exemplary Allegations from the SDNY Second Amended Complaint |
|---|---|---|
| | property rights from the USPTO patent examiners"); *see also* ¶¶ 14, 43, 45, 56–57. | |
| Unbeknownst to Plaintiff, Illumina and Thermo Fisher were secretly colluding and collaborating during the *Cornell* Delaware case, contrary to Plaintiff's interests, and the *Cornell* Delaware case was fraudulently settled. | ¶ 21 ("ThermoFisher was secretly collaborating with Illumina to develop 'Ampliseq for Illumina' during the entire time they were representing Plaintiff" in the *Cornell* Delaware case); ¶ 26 ("Unbeknownst to Plaintiff or Cornell at the time, *Cornell v Illumina* (1:10-cv-00433-LPS) was fraudulently settled by Illumina and ThermoFisher, simultaneously with several other lawsuits involving Illumina and ThermoFisher, in April 2017."); *see also* ¶¶ 29, 32, 93–95. | ¶ 488 ("ThermoFisher and Illumina decided to collaborate on the 'Ampliseq for Illumina' product line during the Cornell v Illumina case"); ¶ 536 ("In April 2017, Defendants ThermoFisher and Illumina signed an agreement to shut down litigation in multiple jurisdictions"); *see also* ¶¶ 188, 489–91. |
| The First Amendment Agreement to the Joint Development Agreement ("JDA") attached to an SEC filing contained a redacted definition of "Tag Sequences." | ¶ 27 ("Plaintiff discovered through a review of public SEC filings that Illumina had filed a First Amendment Agreement to raise funds for many years. In this document, the definition of 'Tag Sequences' was redacted"); *see also* ¶¶ 28–29. | ¶¶ 387–89 (Plaintiff "obtained the unredacted sections of the First Amendment to the Joint Development Agreement through a FOIA request," and the "unredacted section" stated the definition of ""Tag Sequence'"); *see also* ¶ 188. |

10

In addition to recycling allegations from the SDNY litigation, both of the claims asserted against Illumina also lack factual support. For the correction of inventorship claim, Plaintiff seeks to be added as a co-inventor on 52 different Illumina patents, all of which issued more than six years ago, some as far back as 2002. Compl. ¶¶ 45, 59. But the Complaint is unclear on how Plaintiff's work allegedly made its way to Illumina, and thus into the patents, and on what basis he supposedly contributed to (unspecified) claimed inventions in the patents. MTD 10–13. Plaintiff repeatedly declares in conclusory fashion that his contributions were "significant and cannot be denied." *E.g.*, Compl. ¶¶ 14, 48, 56–57. Yet the Complaint contains no factual allegations explaining why or how. It simply lumps all of the 52 patents together, while failing to assert any specific contribution to the inventions claimed in any of those patents. *E.g.*, *id.* ¶¶ 14, 45, 50, 56–57.

The balance of the Complaint focuses on allegations of legal malpractice and fraud by various attorney defendants and Thermo Fisher, not by Illumina. Those allegations rest on Thermo Fisher's and the attorney defendants' alleged misrepresentations in the *Cornell* Delaware case ***against*** Illumina, *id.* ¶¶ 63–68, 79–87, which settled in 2017. Plaintiff seeks to broaden these "fraud" allegations against other defendants into an alleged "conspiracy" that somehow includes Illumina. *Id.* ¶¶ 91–99. After a decade of litigation, Plaintiff's only allegation of Illumina's involvement is made in one conclusory sentence: "Defendants Illumina and Thermo

Fisher had an agreement between each other to inflict harm upon Plaintiff by constructing an agreement that would make it impossible for Plaintiff [to] enforce his right to his intellectual property." *Id*. ¶ 94.

On the heels of Plaintiff's failure to obtain Illumina's confidential information in the FOIA litigation, this Complaint makes gratuitous defamatory statements concerning Illumina, no doubt hoping that will open the door to discovery into a wide range of Illumina's general corporate activity. Plaintiff raises allegations— wholly irrelevant to the above claims—regarding a purchase of another company, Illumina's development of a "multi-cancer early detection" test, and alleged (and protected) political activity. *Id.* ¶¶ 34–36. And, egregiously, the Complaint quotes and cites an activist shareholder's open letters posted online airing grievances about corporate governance. *Id.* ¶¶ 38, 40, 43, 52 & nn. 1–4. These allegations have no other plausible purpose other than to attempt a fishing expedition to impose an unwarranted burden on and to harass Illumina. *See also* Pl. Resp. Letter 7 (Aug. 14, 2023), ECF No. 69 (stating "discovery could … identify even additional claims").

## C.    Rule 11 Warnings to Plaintiff's Counsel And The Instant Motion

Based on the fundamental and incurable problems with the allegations in the Complaint, on June 1, 2023, Illumina's counsel sent Plaintiff's counsel a letter notifying them that it is clear that an appropriate, reasonable inquiry consistent with Rule 11 was not conducted. Ex. 1 (Illumina's June 1, 2023 Rule 11 Letter). The

letter outlined the Complaint's factual and legal deficiencies in detail, including the applicability of res judicata based on the SDNY litigation and timeliness issues (laches for the inventorship claim, and statute of limitations for conspiracy). Illumina requested that Plaintiff withdraw the Complaint by June 15, 2023, warning that failure to do so would lead Illumina to pursue all available remedies and sanctions. Plaintiff's counsel has ***never responded*** to Illumina's letter.

Two other defendants, Thermo Fisher and Rip Finst, likewise sent a Rule 11 warning letter and draft motion to Plaintiff's counsel on June 15, 2023. Ex. 2 (Thermo Fisher & Rip Finst's June 15, 2023 Rule 11 Letter). That letter raised similar issues of preclusion and statute of limitations. Thermo Fisher and Mr. Finst requested withdrawal of the Complaint by July 10, 2023, and provided notice that, absent withdrawal, they too would pursue sanctions. Plaintiff's counsel responded to Thermo Fisher, contending that the claims were legally and factually supported, even if "[a]dmittedly … complicated" and "novel." Ex. 3 at 5 (Pl. Counsel's July 10, 2023 Response Letter). Plaintiff's letter said next to nothing about res judicata and did not acknowledge the long-established principle that it "is not enough to avoid claim preclusion" by "emphasiz[ing] different facts in support of a different theory," *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1375–76 (Fed. Cir. 2020), or using "different shadings of the facts." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 964 (3d Cir. 1991).

On August 2, 2023, Illumina filed its motion to dismiss and motion to strike. ECF Nos. 63, 63-1. Plaintiff's opposition (ECF No. 78) largely did not respond to Illumina's arguments and made a number of concessions that confirm this case should be dismissed and has no legal or factual basis, as explained in Illumina's reply brief (ECF No. 80). Then, pursuant to Rule 11(c)(2), Illumina served this motion for sanctions and supporting brief on Plaintiff's counsel on September 12, 2023. The 21-day period for Plaintiff to withdraw the Complaint expires on October 3, 2023. Fed. R. Civ. P. 11(c)(2).

## LEGAL STANDARD

Rule 11(b) "requires an attorney who signs a complaint to certify both that it is not interposed for improper purposes, such as delay or harassment, and that there is a reasonable basis in law and fact for the claim." *Napier*, 855 F.2d at 1090. The Rule "discourage[s] pleadings that are 'frivolous, legally unreasonable, or without factual foundation,'" but bad faith is not required. *Id.* at 1090–91 (citations omitted); *Edwards v. Wells Fargo Bank*, No. 1:19-cv-14409, 2023 WL 112451, at *6 (D.N.J. Jan. 5, 2023) ("[T]here can be no 'empty head, pure heart' justification" to excuse "frivolous claims" (citations omitted)).

Rule 11(c)(1) then provides courts discretion to impose "an appropriate sanction" for violations of 11(b). The standard for whether to impose sanctions "is one of 'reasonableness under the circumstances.'" *Ally Fin., Inc. v. Mente Chevrolet*

14

*Oldsmobile, Inc.*, No. 11-cv-7709, 2012 WL 4473240, at *10 (E.D. Pa. Sept. 28, 2012) (citation omitted).  A Rule 11 sanction's "primary purpose … is deterrence of abuses of the legal system."  *Kourradi v. Brown*, No. 18-cv-13038, 2022 WL 1261546, at *7 (D.N.J. Apr. 28, 2022).

## ARGUMENT

Rule 11 sanctions are warranted if counsel has not "conduct[ed] a reasonable investigation of the facts and a normally competent level of legal research to support" a filing.  *Ally Fin.*, 2012 WL 4473240, at *10 (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)); *In re Mondelli*, No. 10-cv-3393, 2011 WL 1211433, at *5 (D.N.J. Mar. 29, 2011) (sanctions warranted if attorneys "fail to make a reasonable inquiry into the legal legitimacy of a pleading"), *aff'd*, 508 F. App'x 131, 135 (3d Cir. 2012).  These requirements of reasonable inquiry and competent research "filter out frivolous pleadings that are": (1) "legally unreasonable" or (2) "lack factual foundation."  *Ally Fin.*, 2012 WL 4473240, at *10 (citation omitted).  The Complaint suffers from both defects.

## I.   PLAINTIFF'S CLAIMS AGAINST ILLUMINA ARE LEGALLY UNREASONABLE BECAUSE THEY ARE BARRED BY RES JUDICATA

"[B]ringing a claim that is barred by *res judicata* is sanctionable."  *Matlin*, 979 F.3d at 1181 (cleaned up) (citing cases); *Napier*, 855 F.2d at 1091; *Bowden v. DB Schenker*, No. 1:17-cv-01999, 2018 WL 1203362, at *3 (M.D. Pa. Mar. 8, 2018).

That makes good sense—because "a reasonable investigation," as required by Rule 11, "would reveal that a claim is barred by" the doctrine. *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997); *accord Bowden*, 2018 WL 1203362, at *3; *Cameron's Hardware, Inc. v. Indep. Blue Cross*, No. 08-cv-15, 2008 WL 2944697, at *7 (E.D. Pa. July 28, 2008).

Third Circuit law reflects this same common-sense principle. As the court has said in the context of sanctions under 28 U.S.C. § 1927, "*res judicata* is not a novel defense" and can render claims "objectively meritless." *Lewis v. Smith*, 480 F. App'x 696, 699 & n.2 (3d Cir. 2012). Take *Napier*, where the court held that a filing "was legally frivolous" when an attorney filed a claim "identical to at least one, and possibly two," others "already adjudicated on [his client's] behalf." 855 F.2d at 1091 (affirming Rule 11 sanctions). District courts likewise have imposed sanctions to deter frivolous, serial pleading. They have done so, for example, when attorneys have brought "new claims based on the same conduct previously found untimely" or "previously dismissed on the merits," *Evans v. Gloucester Twp.*, No. 14-cv-7160, 2016 WL 3556604, at *16–17 (D.N.J. June 29, 2016); or who filed a "materially identical complaint" with claims "clearly precluded" by prior judgments, which would have been revealed by "[a]ny competent research," *Bowden*, 2018 WL 1203362, at *1, 3; *see also, e.g.*, *Balthazar v. Atl. City Med. Ctr.*, 279 F. Supp. 2d

16

574, 594–95 (D.N.J. 2003) (sanctions imposed for "seeking to relitigate identical state law claims in federal court"), *aff'd*, 137 F. App'x 482, 490–91 (3d Cir. 2005).

This case belongs on the list of cases "uniformly sanction[ing] litigants who," like Plaintiff, "attempt to relitigate issues already decided against" them. *Dunleavy v. Gannon*, No. 2:11-cv-0361, 2012 WL 259382, at *6 (D.N.J. Jan. 26, 2012). As fully explained in Illumina's motion to dismiss, MTD 14–19, Plaintiff's claims overlap—sometimes verbatim—with his allegations in SDNY, and the FOIA case shared the same themes. Compl. ¶ 43; *supra* pp. 6–7. This case also continues Plaintiff's years-long failed campaign to overturn the *Cornell* settlement. And the overlap is even more blatant for the conspiracy claims in both this case and the SDNY litigation. MTD 18–19. The "cut and paste" attempt between the SDNY complaint and present Complaint also violates Rule 11. *See Mendez v. Draham*, 182 F. Supp. 2d 430, 431 (D.N.J. 2002).

*Bowden*, which also addressed a "materially identical complaint" as a prior case, is directly on point. 2018 WL 1203362, at *1. There, both complaints raised "misappropriation of ideas" claims based on the same "claimed invention." *Id.* at *1–2. The court noted the many "paragraphs in the two complaints [were] identical, and Plaintiff d[id] not attempt to allege any new material facts." *Id.* at *2. After unsuccessfully warning plaintiff's counsel to withdraw the second complaint because the claims were precluded, the defendant moved for sanctions. *Id.* at *1; *id.*

17

at *3 (the "precluded nature" of the claims "were brought to [counsel's] attention on multiple occasions, and he had every opportunity to withdraw [the] complaint"). The court held that "[a]ny competent research into the claims [the attorney] presented … would have revealed that they were without merit" and "clearly precluded." *Id.* at *3.

In sum, the law of res judicata is long settled, and "[a]n attorney acting reasonably would have realized that merely asserting a new legal theory … would not avoid" the preclusive bar of prior actions. *See Grynberg v. Total Compagnie Francaise Des Petroles*, 891 F. Supp. 2d 663, 685 (D. Del. 2012).[1] The claims here are the "same" as before but "without any additional law or evidence to support" them, and a "reasonable investigation of the facts and a competent level of legal research would have shown the numerous defenses," including "untimeliness[ ] and claim preclusion." *Cameron's Hardware*, 2008 WL 2944697, at *7 (imposing sanctions and awarding fees); *Microsoft Corp. v. Softicle.com*, No. 16-cv-2762, 2018 WL 10150934, at *1–2 (D.N.J. Oct. 12, 2018) (Arleo, J.) (noting sanctions award, citing ECF No. 202, for filing of amended complaint with "virtually identical claims"). Sanctions are warranted on this independent basis.

---

[1] Although the court later vacated its sanction order in light of belated developments on the record, the Judge made clear that he "continue[d] to think that the record before [him] at the time" of the initial sanctions order "fully justified" sanctions. *See Grynberg v. Total Compagnie Francaise Des Petroles*, No. 10-1088, 2013 WL 5459913, at *5 (D. Del. Sept. 30, 2012).

## II.    PLAINTIFF'S CLAIMS AGAINST ILLUMINA ARE FRIVOLOUS FOR ADDITIONAL REASONS

Beyond Plaintiff's *res judicata* problems, there are still more reasons to impose Rule 11 sanctions on Plaintiff for bringing a baseless lawsuit.

### A.    Plaintiff's Civil Conspiracy Claim Against Illumina Is Legally Unreasonable and Lacks Any Factual Foundation

The civil conspiracy claim is (1) legally unreasonable, and (2) lacks any factual foundation. *Ally Fin.*, 2012 WL 4473240, at *10.

1. Courts, including the Third Circuit, have long "recognize[d] that sanctions are appropriate when complaints are filed in clear violation of the statute of limitations." *Del Sontro*, 223 F. Supp. 2d at 582 (collecting cases). Such filings are "legally frivolous" and "not well grounded in fact." *Napier*, 855 F.2d at 1091 (citation omitted). Indeed, a proper Rule 11 inquiry can "reveal[] that [a plaintiff's] claim" is "far too stale." *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 299–300 (3d Cir. 1996). That inquiry here would have revealed a "six-year statute of limitations" for Plaintiff's New Jersey civil conspiracy claim. *Kretz v. Hernandez*, Civ. No. 12-3152, 2016 WL 6471444, at *3 (D.N.J. Oct. 31, 2016) (citing N.J. Stat. Ann. § 2A:14-1).

Given Judge Koeltl's conclusion that Plaintiff knew or should have known of the alleged misconduct by "no later than 2010," *Zirvi v. Flatley*, 433 F. Supp. 3d at 462, this should be a clear-cut case for sanctions. That holding has preclusive effect

here and cannot be relitigated.  *See Rogers v. Maretz*, No. 08-3334, 2012 WL 1192848, at \*2–3 (D.N.J. Jan. 17, 2012); *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-7062, 2014 WL 2711177, at \*6–8 (D.N.J. June 16, 2014). Plus, the prior ruling plainly put Plaintiff on notice that the longest possible limitations period has passed, which a reasonable inquiry by counsel would have revealed—as reinforced by Illumina's and other defendants' warning letters to Plaintiff's counsel. *See Boykin v. Bloomsburg Univ. of Pa.*, 905 F. Supp. 1335, 1347 (M.D. Pa. 1995) (sanctions awarded when attorney "was put on notice two times by … defendants" that claims were "time-barred," and raised "identical arguments already rejected"); *supra* pp. 12–14 (warning letters).  However calculated, the "statute of limitations issue" is "obvious."  *Zuk*, 103 F.3d at 299.[2]

2.  The conspiracy claim also has no factual foundation.  Under New Jersey law, "the principal element" required for a conspiracy "is an agreement between the parties to inflict a wrong against" another, and the parties must "act[] in concert." *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005); *Lentini v. McDonald's USA*, No. 19-4596, 2019 WL 4746420, at \*6 (D.N.J. Sept. 30, 2019) (Arleo, J.).

---

[2] *See also Estate of Blue*, 120 F.3d at 985 (affirming sanctions award because "[a] reasonable investigation would have revealed that the § 1983 claim was barred by the statute of limitations"); *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1365 (7th Cir. 1994) (same, where it "could have been easily discovered" that a claim was time barred).

20

The Complaint does not—and could not—make any factual allegations supporting this most-fundamental element.  In a ***single conclusory sentence***, the Complaint alleges only that Illumina and Thermo Fisher "had an agreement … to inflict harm upon Plaintiff" and would "construct[ ] an" unspecified "agreement that would make it impossible for Plaintiff [to] enforce his right to his intellectual property." Compl. ¶ 94.  Rules 9(b) and 12(b)(6) require much more.  As this Court has recognized, the Complaint must specify "what the terms were of the agreement, when the alleged conspiracy took place, [and] how the conspirators reached their agreement." *Giercyk v. Nat'l Union Fire Ins. Co.*, No. 13-6272, 2015 WL 7871165, at *9 n.4 (D.N.J. Dec. 4, 2015) (Arleo, J.); *Golden State Med. Supply Inc. v. AustarPharma LLC*, No. 21-17137, 2022 WL 2358423, at *7 (D.N.J. June 30, 2022) (a complaint must "inject precision or some measure of substantiation" (citation omitted)).  That all those required factual allegations are missing indicates the lack of a reasonable inquiry into whether this claim had any foundation to be brought— much less asserted for a second time.

Any assertion that facts supporting a fraudulent conspiracy could be discovered later is baseless, because Plaintiff cannot use discovery in this case "as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it"; rather, Rule 11 mandates that "the plaintiff must have some basis in fact for the action." *Zuk*, 103 F.3d at 299; *Cohen v. Kurtzman*,

45 F. Supp. 2d 423, 437 (D.N.J. 1999). And Cornell—to which Plaintiff assigned his patent and invention rights (U.S. Patent No. 7,455,965)—fully litigated this issue in the Delaware case, and yet the court still found no "***evidence*** of Illumina acting in furtherance of fraud," only "speculative allegations." *Cornell*, 2018 WL 1605142, at *1-2, 4 n.7.

## B. Plaintiff's Correction of Inventorship Claim Against Illumina Is Legally Unreasonable And Lacks Any Factual Foundation

Plaintiff's inventorship claim is also unreasonable and lacking any factual foundation because (1) the Complaint alleges exactly what the law of standing prohibits, and the speculative allegations show that Plaintiff has no cognizable injury for standing; and (2) laches bars this long-expired claim. *See* MTD 21–25.

1. It is blackletter law that "a plaintiff must demonstrate that he suffered an injury-in-fact, that the injury is traceable to the conduct complained of, and that the injury is redress-able by a favorable decision." *Shukh v. Seagate Tech., LLC*, 803 F.3d 659, 663 (Fed. Cir. 2015). Precedent makes clear that a plaintiff, even on a motion to dismiss, cannot rest on "mere allegations of reputational injury alone" to plead a cognizable injury. *Feuss v. Enica Eng'g, PLLC*, No. 20-02034, 2021 WL 1153146, at *3 (D.N.J. Mar. 26, 2021); *see Shukh*, 803 F.3d at 663 (referring to "[p]ecuniary consequences"); *Huster v. j2 Cloud Servs., Inc.*, 682 F. App'x 910, 915–16 (Fed. Cir. 2017) (citing *Shukh* and affirming dismissal); *Kamdem-Ouaffo v. PepsiCo Inc.*, 657 F. App'x 949, 954 (Fed. Cir. 2016) (per curiam) (same). Rather,

22

the "injury 'must be tied to economic consequences,' ... alleged in a concrete and plausible way." *Feuss*, 2021 WL 1153146, at \*3 (quoting *Kamdem-Ouaffo*, 657 F. App'x at 954).

Plaintiff's Complaint does exactly what is prohibited. It alleges only a "significant reputational harm" that has "undermined" his "standing in the scientific community." Compl. ¶ 48. Plaintiff also alludes to an "intent" to "receive royalties," Compl. ¶¶ 13, 47, but "[t]here is no royalty agreement," and he does not "clearly allege[]" any right to profits. *Feuss*, 2021 WL 1153146, at \*3. To the contrary, the Complaint concedes that any imagined right to royalties is "time-barred," Compl. ¶ 86, which means that being declared a coinventor "will not generate any other direct financial rewards," *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009). Plaintiff's arguments for standing thus rest on impermissible speculation and no existing cognizable injury. MTD 24–29. In Rule 11 terms, the claims are legally unreasonable and lack any factual foundation.

2. Next, a reasonable inquiry would have revealed that the doctrine of laches "clearly applies" to bar Plaintiff's inventorship claim as untimely. *Serdarevic v. Advanced Med. Optics, Inc.*, No. 06-cv-7107, 2007 WL 2774177, at \*5–8 & n.7 (S.D.N.Y. Sept. 25, 2007), *aff'd*, 532 F.3d 1352 (Fed. Cir. 2008). Federal Circuit law states that, when "more than six years passes from the time" the relevant patents

issued, "a rebuttable presumption of laches attaches." *Lismont v. Alexander Binzel Corp.*, 813 F.3d 998, 1002 (Fed. Cir. 2016).

Plaintiff has not—and cannot possibly—overcome that presumption. Each of the 52 Illumina patents for which Plaintiff seeks correction of inventorship issued over six years ago—many expired years ago. Plaintiff has been on notice of these "public patent[s]" since at least 2016. *Zirvi v. Flatley*, 433 F. Supp. 3d at 459–60, 462. And the underlying ZipCode and Universal Array technology concededly has been the subject of "multiple litigations" dating back to 2010. Compl. ¶ 15. Nothing prevented Plaintiff from pressing this claim earlier—and he admits as much. It took him "under 2 hours" "to download all 52 patents … from Google," and Plaintiff has recognized that "the patents and the file wrappers for all these patents are public record, in [his] possession … or obtainable from the USPTO." Pl. Resp. Letter 4, ECF No. 69. These statements exemplify how the reasonable inquiry mandated by Rule 11 inquiry was not conducted.[3]

Courts have dismissed inventorship claims based on laches in exactly these circumstances, when patents were "discussed at length during [prior] proceedings," *Red Carpet Studios v. Midwest Trading Grp., Inc.*, No. 1:12-cv-501, 2016 WL 5661681, at *4–5 & n.3 (S.D. Ohio Sept. 30, 2016) (granting motion to dismiss),

---

[3] And despite the public availability of this information, the Complaint still incorrectly identifies the inventors on a number of the 52 patents, which further reflects the lack of an appropriate inquiry.

and a plaintiff failed to press a claim despite "specific opportunities to challenge the inventorship of the patents-in-suit," *Collins v. W. Digital Techs., Inc.*, No. 2:09-cv-219, 2011 WL 3849310, at *3–5 (E.D. Tex. Aug. 29, 2011).  This case involves the same kind of "tactical manipulation of the legal process," which warrants the application of laches on the one hand, *Serdarevic*, 2007 WL 2774177, at *5–8, and sanctions to "deter[]" such "abuses of the legal system" on the other.  *Kourradi*, 2022 WL 1261546, at *7.

### C.    The Complaint Makes Allegations That Are A Strong Indication of Harassment

If the substantive flaws with Plaintiff's claims were not enough, many of the allegations also meet the standard for a motion to strike under Rule 12(f).  *See Golden State*, 2022 WL 2358423, at *13 (Arleo, J.); MTD 31–32.  These allegations fall into two categories: (1) the enigmatic allegations in paragraphs 34–36 that leap from a purchase of another company, to Illumina's separate development of a "multi-cancer early detection" test, to alleged (and protected) legislative efforts; and (2) paragraphs 38, 40, 43, and 53, which include footnotes with incendiary quotes from an activist investor's blog.  These allegations have no possible relation to this case and would cause prejudice and confuse the issues.  *See id.*  Indeed, they appear to be a blatant attempt to harass and go on a baseless and open-ended fishing expedition into Illumina's corporate management that has zero connection to the

25

asserted claims. *See also* Pl. Resp. Letter 7 (stating "discovery could … identify even additional claims").

These allegations—especially in combination with Plaintiff's serial filing of failed Illumina-related lawsuits—are a strong indication of harassment, further showing lack of compliance with Rule 11. *See Cameron's Hardware*, 2008 WL 2944697, at *6 (sanctions warranted for "frivolous, vexatious, and unreasonable multiplicity of proceedings or the continued pursuit of a baseless claim in the face of several irrebuttable defenses"); *Mendez*, 182 F. Supp. 2d at 431 (granting motion for sanctions where "many of the allegations of the Complaint are plainly frivolous"). Worse still, Plaintiff's Opposition (ECF No. 78) added *even more* irrelevant, highly improper statements by referring to Illumina's "former CEO" and his "divorce proceedings." Opp. 35 & n.17.

## III. AN AWARD OF ILLUMINA'S ATTORNEYS' FEES AND COSTS IS WARRANTED

"District Courts have broad discretion to impose attorneys' fees and costs as sanctions." *Bowden*, 2018 WL 1203362, at *3; Fed. R. Civ. P. 11(c)(4). The standard of what "constitutes 'reasonable expenses' and a 'reasonable attorney's fee' … must be considered in tandem with [Rule 11's] goals of deterrence, punishment, and compensation." *Napier*, 855 F.2d at 1091–92 (citation omitted). In challenging attorneys' fees, the party subject to sanctions "may present any

'mitigating factors,'" but that "is not an opportunity to challenge the award of Rule 11 sanctions generally." *Cohen*, 45 F. Supp. 2d at 438 n.9.

Here, the Rule 11 violations are clear and thus merit the sanction of attorneys' fees and costs to deter—and finally put a conclusive stop to—Plaintiff's ongoing series of baseless and stale lawsuits. This Complaint "brings claims that even a cursory look into precedent would reveal are barred," *Evans*, 2016 WL 3556604, at *16, and "clearly precluded by [prior] judgments." *Bowden*, 2018 WL 1203362, at *3. In fact, the Complaint affirmatively cites the prior litigations, Compl. ¶ 43 (*Zirvi v. Flatley* and *Zirvi v. NIH*), while continuing the same endless campaign to try to overturn the *Cornell* settlement. *E.g.*, *id.* ¶ 26. Again, some paragraphs are copied almost verbatim between this Complaint and the SDNY complaint. *Supra* pp. 8–10.

Rather than heed the warnings from the prior courts' rejections of Plaintiff's arguments and speculation, counsel has filed a Complaint that doubles (or triples) down on those previously rejected theories and the same untimely claims. "To make matters worse, the frivolousness and precluded nature of the current claims were brought to" Plaintiff's counsels' "attention on multiple occasions" by multiple defendants, and counsel "had every opportunity to withdraw his complaint." *Bowden*, 2018 WL 1203362, at *3. Tellingly, Plaintiff's counsel ***never even responded*** to the Illumina's Rule 11 letter.

What is more, Plaintiff's counsel has repeatedly violated their ethical obligations under New Jersey rules. Rather than contact Illumina's ***counsel*** as required, Plaintiff's counsel has twice circumvented Illumina's Counsel of Record, sending letters concerning the subject matter of this case directly to Illumina—once in May 2023 and again in July 2023—after they were aware that Illumina was represented and were instructed by Illumina's counsel to send all communications to counsel. Ex. 4 (Pl. Counsel's May 16, 2023 Letter to Illumina); Ex. 5 (Pl. Counsel's July 21, 2023 Letter to Illumina). Moreover, Plaintiff's counsel flouted the duty of candor by making demonstrably false accusations regarding Illumina's counsels' efforts to contact him regarding a stay of discovery and alleged violations of the Court's July 11, 2023 Order (ECF No. 56). *See* Illumina Reply Letter & Ex. 1 (Aug. 16, 2023), ECF Nos. 73 & 73-1; Pl. Resp. Letter 1–2. Those ethical lapses of the professional rules of conduct "underscore counsel's inattention to the rules." *Napier*, 855 F.2d at 1091; N.J. Ct. R. app. 3 R.R. 4.2 ("[A] lawyer shall not communicate about the subject of the representation with a person the lawyer knows … to be represented by another lawyer in the matter"); Fla. Bar R. 4-4.2 (similar); N.J. Ct. R. app. 3 R.R. 3.3 (duty of candor).[4]

---

[4] That's not all in terms of Plaintiff's counsel being disingenuous. Plaintiff's counsel also told the Court that a "request to stay discovery where none is pending is overtly premature'" and that Plaintiff had "not requested" certain patent-related information from Illumina. Pl. Resp. Letter 4. In fact, on May 16, 2023, Plaintiff's counsel

Plaintiff's counsel's egregious conduct and inattention to rules continued in the Opposition to the motion to dismiss. As explained in Illumina's reply brief (ECF No. 80), Plaintiff's counsel flagrantly misrepresented the Third Circuit's decision in *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169 (3d Cir. 2009), as well as *Esso Standard Oil Co. v. Lopez-Freytes*, 522 F.3d 136 (1st Cir. 2008). Illumina Reply 2–3, 14 & n.7. Counsel also miscited *Stark v. Advanced Magnetics*, 119 F.3d 1551, 1552 (Fed. Cir. 1997), representing that "[t]he court affirmed the district court's denial of the defendant's motion for summary judgment on laches." Opp. 20. That case does not mention laches. On top of all that, the Opposition was in 12-point font and over the 30-page limit provided by the local rules for briefs in that font size, and counsel did not seek leave for more pages. L. Civ. R. 7.2(d). Illumina otherwise directs the Court to its reply brief for further examples of why the Opposition only confirmed that this case has no legal or factual basis.

This case has the hallmarks of a "willful" violation and an exceptional "degree of frivolousness." *In re Mondelli*, 2011 WL 1211433, at *8–10 (ordering sanctions fine). Many courts, including the Third Circuit, confronting such Rule 11 violations for the filing of claims so plainly barred by res judicata and a statute of limitations

---

contacted Illumina directly—again, circumventing Illumina's counsel—requesting the company to "provide [Plaintiff] with any relevant information, documentation or analysis that may assist in determining the Subject Patents' inventorship," and asked for a response within 30 days. Ex. 4 at 1 (Pl. Counsel's May 16, 2023 Letter to Illumina).

have awarded attorneys' fees and costs. *See, e.g.*, *Lewis*, 480 F. App'x at 698–700 (affirming combined sanction fee awards); *Napier*, 855 F.2d at 1092–93 (affirming fee award to government); *Bowden*, 2018 WL 1203362, at *3 (awarding "reasonable attorneys' fees and costs"); *Evans*, 2016 WL 3556604, at *16–17 (awarding fees to defendants "equal to one-third of the fees and expenses for legal services incurred in addressing" a complaint filed in violation of Rule 11); *Dunleavy*, 2012 WL 259382, at *8–9 (awarding "all reasonable costs and attorneys' fees incurred … in defending this action from its inception"); *Cameron's Hardware*, 2008 WL 2944697, at *8–9 (awarding fees and costs).

Illumina requests that this Court do the same here. That is the proper way to send a strong—and necessary—message of deterrence to Plaintiff as a serial filer of meritless lawsuits and to any future counsel for Plaintiff.

## CONCLUSION

For these reasons, Illumina respectfully requests that this Court grant the motion for sanctions and award Illumina attorneys' fees and costs.

Dated:  September 12, 2023                    Respectfully submitted,

*/s/ Keith J. Miller*
Keith J. Miller

ROBINSON MILLER LLC
Keith J. Miller
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ  07102
Telephone: (973) 690-5400
Fax: (973) 466-2761
kmiller@rwmlegal.com

SIDLEY AUSTIN LLP
Bradford J. Badke (*pro hac vice*)
Ching-Lee Fukuda (*pro hac vice*)
787 Seventh Avenue
New York, NY  10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
jbadke@sidley.com
clfukuda@sidley.com

SIDLEY AUSTIN LLP
Joshua J. Fougere (*pro hac vice*)
Adam Kleven
1501 K Street NW
Washington, DC  20005
Telephone: (202) 736-8000
Fax: (202) 736-8711
jfougere@sidley.com
akleven@sidley.com

*Counsel for Defendant Illumina Inc.*