# Exhibit 1



SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 7361
JBADKE@SIDLEY.COM

June 1, 2023

**By Email**

Joseph D. Garrity
Lorium Law
101 NE 3rd Ave, Suite 1800
Fort Lauderdale, FL 33301
jgarrity@loriumlaw.com

Ahmed Soliman
Soliman & Associates, PC
923 Haddonfield Rd., Suite 300
Cherry Hill, NJ 08002
soliman@solimanlegal.com

Re:   *Zirvi v. Illumina, Inc. et al.*, No. 23-cv-1997 (D.N.J.)

Dear Messrs. Garrity and Soliman:

We represent Illumina, Inc. in the above-captioned lawsuit.

As we explain in more detail below, there are fundamental and incurable problems with the allegations made by Zirvi in the Complaint. The doctrine of claim preclusion prohibits precisely the type of gamesmanship that this case represents—a plaintiff simply cannot bring successive lawsuits alleging claims that were or could have been brought in a previous case. In addition, laches bars your client's stale inventorship claim, and the statute of limitations bars his stale conspiracy claim. And, on the pleadings alone, the inventorship and conspiracy claims contain additional and unfixable flaws. The upshot is clear: Zirvi has no basis to bring these claims.

Based on these threshold issues, it is clear that an appropriate, reasonable inquiry consistent with your Rule 11 obligations was not conducted. Before the parties and the court waste significant time and resources on litigation and motion to dismiss proceedings, Illumina requests that the Complaint be withdrawn with prejudice by June 15, 2023. If you fail to do so, we will pursue all available remedies including sanctions.

**I. This Lawsuit Is Barred By Claim Preclusion.**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action." *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1361 (Fed. Cir. 2010) (emphasis added). That means that plaintiffs must "present in one suit all the claims for relief that [they] may have arising out of the same transaction or occurrence" and cannot "attempt[] to overturn the judgment in [a first] Action by employing a legal theory it could have used then." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960,

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

964 (3d Cir. 1991). The doctrine requires (1) the same parties in both cases, (2) a final adjudication on the merits in the first case, and (3) the same claim or cause of action in both cases. All three factors are plainly met here based on the previous litigation against Illumina in *Zirvi v. Flatley*, No. 1:18- cv-07003-JGK (S.D.N.Y.) ("the SDNY litigation").

The first two factors are straightforward. The same parties are of course involved in both cases because Zirvi is again suing Illumina. The conclusion of the SDNY litigation also constitutes a final adjudication on the merits, because the "rules of finality … treat a dismissal on statute-of-limitations grounds … as a judgment on the merits." *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (citation omitted).

The third factor is likewise satisfied. "Claims arising from the same nucleus of operative facts are barred by res judicata." *Gillig*, 602 F.3d at 1362-63. As the Federal Circuit has explained, "under well-settled principles of claim preclusion, different arguments or assertions in support of liability do not all constitute separate claims…. Regardless of the number of substantive theories available to a party and regardless of the differences in the evidence needed to support each of those theories, a party may not split a single claim into separate grounds of recovery and raise those separate grounds in successive lawsuits." *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1375 (Fed. Cir. 2020) (citation omitted). In short, a plaintiff "must raise in a single lawsuit all the grounds of recovery arising from a particular transaction that it wishes to pursue." *Id.*

Zirvi's current Complaint makes clear that all of his allegations against Illumina arise "from the same nucleus of operative facts" as the SDNY litigation, and that Zirvi either did bring or could have brought these claims in his previous case. Perhaps most tellingly, the SDNY litigation raised trade secrets claims, and the Complaint *directly* links those allegations to the patent-based claims here: it states that "[t]he ZipCode sequences [Zirvi allegedly] invented were protectable as patentable subject matter and as a trade secret." NJ Compl. ¶ 11. A side-by-side comparison of the allegations further reinforces their overlap—everything from the alleged ZipCode development, to supposedly "purloined" information, to the *Cornell* litigation and settlement is the same.

Zirvi's conspiracy claim, though barebones, also arises from the same nucleus of operative facts as the SDNY litigation and is a clear attempt to forum shop an already rejected claim. The SDNY complaint alleged a "conspiracy to defraud" and steal "trade secrets" by Illumina and Thermo Fisher, *see, e.g.*, SDNY Second Am. Compl., ECF No. 127 ¶¶ 16, 25, 391, gesturing at the same business agreement mentioned in this case, *id.* ¶¶ 265, 391; NJ Compl. ¶¶ 27-30 & Ex. 3. And the Complaint alleges the same "collusion … to apparently defraud third parties" of their intellectual property rights and trade secrets. NJ Compl. ¶ 29. This "cut and paste" attempt violates Rule 11. *See Mendez v. Draham*, 182 F. Supp. 2d 430, 431 (D.N.J. 2002).

Claim preclusion thus bars this case in its entirety, and your attempt to recycle the same allegations into "new" claims is frivolous.

# SIDLEY

Page 3

## II. Count I (Inventorship) Is Inconsistent with Your Rule 11 Obligations For Additional Reasons.

Without prejudice to additional arguments available to Illumina, the § 256 inventorship claim has several additional fatal defects.

First, it is barred by laches. A "rebuttable presumption of laches attaches whenever more than six years passes from the time a purportedly omitted inventor knew or should have known of the issuance of the relevant patent." *Lismont v. Alexander Binzel Corp.*, 813 F.3d 998, 1002 (Fed. Cir. 2016). That is the case here: all of the patents were issued more than six years ago, and, in view of the allegations of his SDNY litigation, Zirvi knew or should have known as much. There is also no conceivable way in which Zirvi can rebut the presumption: he cannot possibly show "an excuse for the delay or that the delay was reasonable," nor can he "offer[] evidence sufficient to place the matters of defense prejudice *and* economic prejudice genuinely in issue." *Id.* (emphasis added) (citation omitted). On the contrary, the lengthy delay has prejudiced Illumina in both respects, and there is no plausible argument or allegation otherwise.

Second, Zirvi lacks standing. To bring a § 256 inventorship claim, Zirvi must allege a "concrete and particularized" injury that is "tied to economic consequences." *Kamdem-Ouaffo v. PepsiCo Inc.*, 657 F. App'x 949, 954 (Fed. Cir. 2016) (per curiam) (citing *Shukh v. Seagate Tech., LLC*, 803 F.3d 659, 663 (Fed. Cir. 2015)). The Complaint makes only the conclusory allegation that Zirvi has suffered "significant reputational harm" that has "undermined" his "standing in the scientific community." Compl. ¶ 48. But that threadbare assertion "is not enough to meet [his] pleading burden." *Huster v. j2 Cloud Servs., Inc.*, 682 F. App'x 910, 916 (Fed. Cir. 2017). And this defect cannot be cured because, among other reasons, Zirvi's imagined right to royalties is concededly "time-barred," Compl. ¶ 86, "[t]here is no royalty agreement," and Zirvi otherwise "will not generate any other direct financial rewards" from being named as a co-inventor. *Feuss v. Enica Eng'g, PLLC*, Civ. No. 20-02034, 2021 WL 1153146, at *3 (D.N.J. Mar. 26, 2021) (quoting *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009)).

Third, the Complaint fails to state a plausible co-inventorship claim, and there is no way Zirvi can "meet the heavy burden of proving [his] case by clear and convincing evidence." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004). The "primary focus" of joint inventorship claims is "collaboration and joint behavior" among the co-inventors. *Vanderbilt Univ. v. ICOS Corp.*, 601 F.3d 1297, 1303 (Fed. Cir. 2010). The Complaint alleges the opposite. Zirvi claims that "on his own time" he "*independently* developed a data set of ZipCode sequences." Compl. ¶¶ 9-11, 14 (emphasis added). That refutes the core element of this claim.

# SIDLEY

Page 4

### III. Count IV (Civil Conspiracy) Is Inconsistent with Zirvi's Rule 11 Obligations For Additional Reasons.

Without prejudice to additional arguments available to Illumina, the civil conspiracy claim has several additional fatal defects.

First, the claim is time-barred. A "six-year statute of limitations" applies. *See Kretz v. Hernandez*, Civ. No. 12-3152, 2016 WL 6471444, at *3 (D.N.J. Oct. 31, 2016) (citing N.J. Stat. Ann. § 2A:14-1). While Zirvi does not provide a date (or any other details) as to when Illumina and Thermo Fisher allegedly reached "an agreement between each other to inflict harm upon Plaintiff," Compl. ¶ 94, he asserts that his damages accrued "over the last decade." *Id.* ¶ 98. This timeline aligns with the SDNY court's finding that Zirvi should have known of the alleged misconduct by "no later than 2010." *Zirvi v. Flatley*, 433 F. Supp. 3d 448, 458, 462 (S.D.N.Y. 2020), *aff'd*, 838 F. App'x 582 (2d Cir. 2020).

Second, the claim is a blatant but misguided attempt to ensnare Illumina in Zirvi's "fraud" claim against the other defendants in Count III. The only allegations pertaining to Illumina are paragraphs 93-94, which do not even say what the underlying tort is—a basic element of any civil conspiracy claim. The remaining paragraphs 95-98 are not directed at Illumina. The only possible reading of the Complaint is that the underlying tort is Count III's fraud claim. But there is absolutely no basis to implicate Illumina in those allegations. Among other things, as Zirvi recognizes, a viable conspiracy claim requires an agreement between the parties to inflict a wrong against plaintiff, Compl. at 25, but he does not and cannot validly allege that. Paragraph 94 is the only attempt to do so, and it is threadbare and a legal conclusion—a clear basis for dismissal. *See, e.g., Kinesis Grp., LLC v. Troy*, No. 13-cv-424, 2013 WL 5793446, at *2 (D.N.J. Oct. 25, 2013) (factual allegations that one defendant was "working with" another defendant to secure a business opportunity were not "specific facts indicating that" the alleged co-conspirator entered into "an agreement to inflict a wrong against Plaintiff"); *iPurusa, LLC v. Bank of N.Y. Mellon Corp.*, No. 22-cv-00966, 2022 WL 16834601, at *11 (D.N.J. Nov. 9, 2022) (dismissing conspiracy claim resting on "a threadbare claim" that companies, which had business agreements together, "acted in concert to illegally use [a software product], thereby infringing Plaintiff's copyrights among other violations"). Fraud allegations must be plead with particularity under Rule 9(b) of the Federal Rules, and the Complaint completely fails to meet that standard.

Here, again, other courts have already rejected Zirvi's theories. For example, in a District of Delaware litigation that Zirvi references in the Complaint, *Cornell v. Illumina*, the court emphasized that "Cornell does not actually have ***evidence*** of Illumina acting in furtherance of fraud [with Thermo Fisher], but instead makes speculative allegations." *See* No. 10-cv-433, 2018 WL 1605142, at *1-2, 4 n.7 (D. Del. Mar. 29, 2018). Nor does Zirvi have any such evidence.

# SIDLEY

Page 5

Third, Zirvi has not and cannot claim a viable damages theory. A civil conspiracy requires "special damages," which "must be specifically pled under" Rule 9. *See Karachi Bakery India v. Deccan Foods, LLC*, Civ. A. No. 14-5600, 2017 WL 4922013, at *11 (D.N.J. Oct. 31, 2017) (dismissing conspiracy claim for failing "to identify any special damages"). Special damages are "the natural, but not the necessary, consequence of the act complained of," and often include, for instance, lost profits. *Id.* The allegations here do not qualify. The allegation that "Illumina and Thermo Fisher [got] a duopoly that has made the companies billions of dollars in profit and market cap over the last decade and has deprived the Plaintiff of the same during that time" (Compl. ¶ 98) is certainly not "specifically pled." Nor does it represent a viable special damages theory because whether or not *defendants* "made … profits" does not mean that *plaintiff* (an individual with no established business in any market) lost those same profits. *See, e.g., Lentini v. McDonald's USA*, Civ. A. No. 19-4596, 2019 WL 4746420, at *6 (D.N.J. Sept. 30, 2019) (Arleo, J.) (dismissing conspiracy claim for lack of special damages).

**IV. You Make Harassing Allegations That Should Be Stricken.**

If all of the above were not enough, many of the allegations comfortably meet the standard for a rare motion to strike under Rule 12(f). Judge Arleo has struck significant portions of complaints before, *Golden State Medical Supply Inc. v. AustarPharma LLC*, Civ. A. No. 21-17137, 2022 WL 2358423, at *12-13 (D.N.J. June 30, 2022), and two sets of allegations here also should be stricken: (1) the head-scratching allegations in paragraphs 34-36 about Grail and alleged (and protected) legislative efforts; and (2) paragraphs 38, 40, 43, and 53, which include footnotes 1-4 and the in-paragraph quoted text and sentences accompanying those footnotes from an activist investor. These allegations have no possible relation to this case and would undoubtedly cause prejudice and confuse the issues. *See id.* Indeed, they appear to be a blatant attempt to go on a baseless, potentially open-ended fishing expedition into Illumina's corporate management that has zero connection to the rest of the allegations. These allegations are thus a strong indication of harassment, further showing your lack of compliance with Rule 11. *See, e.g., Cameron's Hardware, Inc. v. Indep. Blue Cross*, Civ. No. 08-15, 2008 WL 2944697, at *6 (E.D. Pa. July 28, 2008) (sanctions warranted for "frivolous, vexatious, and unreasonable multiplicity of proceedings or the continued pursuit of a baseless claim in the face of several irrebuttable defenses"); *Mendez*, 182 F. Supp. 2d at 431 (granting motion for sanctions where "many of the allegations of the Complaint are plainly frivolous").

\*   \*   \*

# SIDLEY

Page 6

      Zirvi's Complaint should be dropped. The problems with his claims go well beyond pleading inadequacies, as the defects are simply not curable. By continuing to pursue the litigation, therefore, he is needlessly wasting judicial and party resources in contravention of your obligations under Rule 11. If your client does not withdraw the Complaint and drop this case with prejudice by June 15, 2023, Illumina will pursue all remedies, including seeking recovery of attorneys' fees and expenses associated with its defense.

Very truly yours,

Bradford J. Badke

Copy to: Keith J. Miller