# Exhibit 2



1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

June 15, 2023

<u>VIA EMAIL and U.S. MAIL</u>

Joseph D. Garrity
Lorium Law
101 NE 3rd Ave., Suite 1800
Fort Lauderdale, FL 33301
jgarrity@loriumlaw.com

Ahmed Soliman
Soliman & Associates, PC
923 Haddonfield Rd., Suite 300
Cherry Hill, NJ 08002
soliman@solimanlegal.com

Re: *Zirvi v. Illumina, Inc., et al.*, No. 23-cv-1997, D.N.J.

Dear Mr. Garrity and Mr. Soliman:

I represent Thermo Fisher Scientific and Rip Finst, and write pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 to provide notice that you have filed a complaint that exceeds the bounds of the law and unduly burdens the court system. It should be withdrawn immediately and with prejudice. Thermo Fisher and Mr. Finst reserve all rights, including the right to recover all fees and costs incurred by them in defense of this action and to pursue other appropriate sanctions.

The lawsuit you recently filed on behalf of Dr. Monib Zirvi is plainly barred by prior related litigation between the parties, which has long concluded. It is barred by basic doctrines of claim preclusion, which prevent a party from bringing multiple actions, one after the other, in piecemeal form. And it is barred by judicial findings, affirmed on appeal, that the applicable statutes of limitations have run. Against this backdrop, Dr. Zirvi's latest action is frivolous, vexatious, and plainly sanctionable.

I represented Thermo Fisher, doing business as Affymetrix and Applied Biosystems (subsidiaries of Thermo Fisher), in *Zirvi v. Flatley*, No. 1:18-cv-07003, a case Dr. Zirvi and others (the "SDNY Plaintiffs") filed in the Southern District of New York in 2018 (the "SDNY Litigation"). That case was litigated fully and to its conclusion. The SDNY Plaintiffs, including Dr. Zirvi, alleged that Affymetrix was "owned by and … a part of Thermo Fisher Scientific" and that Applied Biosystems was "the Life Technologies Division of Thermo Fisher Scientific." The SDNY Plaintiffs amended their complaint twice and alleged numerous different claims, including theft of trade secrets, civil RICO, fraud, breach of fiduciary duty, conversion, and

Joseph D. Garrity, Ahmed Soliman
June 15, 2023

conspiracy. All claims, however, ultimately arose from two alleged acts of misappropriation that supposedly occurred in 1994 and 1999. *See Zirvi v. Flatley*, 433 F. Supp. 3d 448, 458 (S.D.N.Y. 2020). The district court determined that the statute of limitations on those claims began running *at the latest* in 2010, and that the claims were thus time barred. *Id.* at 459-63. The district court further held that the twice-amended allegations failed to state a claim for relief and dismissed the complaint with prejudice. *Id.* at 463-67. The Second Circuit affirmed, *Zirvi v. Flatley*, 838 F. App'x 582 (2d Cir. 2020), and the Supreme Court rejected a petition for certiorari, 142 S. Ct. 311 (2021).

Dr. Zirvi's newly filed claims are either the same as those dismissed with prejudice in the SDNY Litigation or arise from the same nexus of operative fact. As such, they are all barred under standard principles of claim preclusion. Claim preclusion "is designed to avoid piecemeal litigation of claims arising from the same events," *General Electric Co. v. Deutz AG*, 270 F.3d 144, 157-58 (3d Cir. 2001). It "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney General*, 621 F.3d 340, 347 (3d Cir. 210). Significantly, it also bars a party from initiating a second suit against the same adversary on claims that were not brought but that "could have been brought" in the prior proceeding. *Id.* Rather than parsing legal theories, courts must "look toward the essential similarity of the underlying events giving rise to the various legal claims" and require "that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Id.* at 348.

The elements of claim preclusion are all easily met here. *First*, the SDNY action was dismissed with prejudice as time barred and for failure to state a claim, both grounds that were upheld on appeal and result in a "final judgement on the merits." *See Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) ("The rules of finality … treat a dismissal on statute-of-limitations grounds … as a judgment on the merits") (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)). *Second*, the identity of the litigants in the current and former action is the same in that both Thermo Fisher and Dr. Zirvi were parties to the SDNY litigation, and Thermo Fisher is in privity with its employee, Mr. Finst. *Third*, the current action involves the same nexus of operative fact and the same or related causes of action as the prior action. Just as in the SDNY Litigation, Dr. Zirvi alleges a broad conspiracy intended to deprive Zirvi of alleged property rights arising out of the ZipCode sequences. The "legal malpractice" and "fraud" claims arising out of *Cornell v. Illumina*, 1:10-cv-433 (D. Del.) (the "Cornell Litigation") also arise out of the same nexus and are based on allegations concerning events that occurred prior to the filing of the SDNY Litigation. Because Dr. Zirvi could have brought these claims in the SDNY Litigation, he is barred from raising them now.

While the issue of claim preclusion, as discussed above, is alone sufficient to bar Dr. Zirvi from bringing additional claims, it should be further noted that Dr. Zirvi's claims are also time barred. The gravamen of Dr. Zirvi's current claims is that Thermo Fisher and Mr. Finst failed to advise him properly regarding claims identical or related to those dismissed with prejudice in the SDNY Litigation. But the claims in the SDNY Litigation accrued "no later" than 2010, 433 F. Supp. 3d at 460; 838 F. App'x at 586, and Dr. Zirvi may not relitigate that determination, *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("issue preclusion … bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different

Joseph D. Garrity, Ahmed Soliman
June 15, 2023

Page 3

claim") (cleaned up).  Because the claims in the SDNY Litigation accrued *at the latest* in 2010, the statute of limitations on those claims ran out well beyond the longest limitations period that could plausibly apply to Dr. Zirvi's current claims, which are therefore time barred.  Finally, the SDNY Court and the Second Circuit held that the statute of limitations on the claims in the SDNY Litigation had all run long before Dr. Zirvi had any communications with Thermo Fisher or Mr. Finst, and long before Dr. Zirvi alleges to have raised the possible claims with the defendants in 2017.

       Dr. Zirvi's claims against Thermo Fisher and Mr. Finst are frivolous and cannot have been preceded by the reasonable inquiry required under Rule 11.  If Dr. Zirvi's claims against Thermo Fisher and Mr. Finst are not withdrawn with prejudice by July 10, 2023, Thermo Fisher and Mr. Finst will pursue all applicable remedies under Rule 11 and Section 1927 against you, your firms, and your client.

       Please be guided accordingly.

Very truly yours,

*/s/ Jonathan Bach*

Jonathan P. Bach