# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONIB ZIRVI, M.D., Ph. D.<br><br>    Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., THERMO FISHER SCIENTIFIC, AKIN GUMP STRAUSS HAUER & FELD LLP, LATHAM & WATKINS, RIP FINST, SEAN BOYLE, MATTHEW A. PEARSON, ANGELA VERRECCHIO, ROGER CHIN, and DOUGLAS LUMISH,<br><br>    Defendants. | Civil Action No.<br>2:23-cv-01997-MCA-JSA<br><br>Filed Electronically<br><br>**Motion Day: November 20, 2023**<br><br>**Oral Argument Requested** |

**BRIEF OF DEFENDANTS THERMO FISHER SCIENTIFIC
AND RIP FINST IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................1

HISTORICAL AND PROCEDURAL BACKGROUND ...........................................3

   The 2006 Patent Litigation ........................................................................................3

   The Delaware Litigation ............................................................................................4

   The SDNY Litigation ................................................................................................5

   Zirvi's Current Claims ...............................................................................................6

   Zirvi's Counsel Is Put On Full Notice And Warned .................................................7

ARGUMENT ..............................................................................................................8

   I.   ZIRVI'S CLAIMS AGAINST THERMO FISHER ARE
       FRIVOLOUS .................................................................................................8

       A.  Zirvi's Claims Are Clearly Barred By The Doctrine Of
           Res Judicata ............................................................................................8

       B.  Zirvi's Claims Are Clearly Barred By The Statutes
           Of Limitations ........................................................................................9

       C.  Zirvi's Argument That Statutes Of Limitations Were Tolled
           By The SDNY Litigation Underscores The Frivolity Of
           His Claims ............................................................................................10

   II.  AN AWARD OF THERMO FISHER'S ATTORNEYS'
       FEES AND COSTS IS WARRANTED .....................................................12

CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

**Cases**      **Page(s)**

*Bowden v. DB Schenker*,
  1:17-cv-01999, 2018 WL 1203362 (M.D. Pa. Mar. 8, 2018).......................... 9, 12

*Boykin v. Bloomsburg Univ. of Pa.*,
  905 F. Supp. 1335 (M.D. Pa. 1995).................................................................10

*Cornell University v. Illumina, Inc.*,
  C.A. No. 1:10-00433, 2018 WL 1605142, (D. Del. Mar. 29, 2018) .....................4

*General Elec. Co. v. Deutz AG*,
  270 F.3d 144 (3d Cir. 2001).............................................................................8

*Matlin v. Spin Master Corp.*,
  979 F.3d 1177 (7th Cir. 2020).........................................................................9

*Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*,
  855 F.2d 1080 (3d Cir. 1988)......................................................................9, 11

*Zirvi v. Flatley*, 142 S. Ct. 311 (2021) ....................................................................6

*Zirvi v. Flatley*,
  433 F. Supp. 3d 448 (S.D.N.Y. 2020)............................................................4, 6

*Zirvi v. Flatley*,
  838 F. App'x 582 (2d Cir. 2020)......................................................................6

**Rules**

Rule 11 of the Federal Rules of Civil Procedure .................................................1, 11

Defendants Thermo Fisher Scientific and Rip Finst (together "Thermo Fisher") respectfully submit this motion, pursuant to Rule 11 of the Federal Rules of Civil Procedure, seeking sanctions against counsel for Plaintiff Monib Zirvi and joining in Defendant Illumina's motion (ECF No. 99) for the same relief.

## PRELIMINARY STATEMENT

Thermo Fisher understands that sanctions should neither be sought nor granted lightly, but reserved for circumstances where there is a clear dereliction and a need to deter further misconduct. This case presents such circumstances. Plaintiff Zirvi has repeatedly and vexatiously litigated against Thermo Fisher, each time pursuing claims based on the same allegations, relating to work he did as a graduate student nearly 30 years ago. The last time he brought such claims against Thermo Fisher, a federal judge in the Southern District of New York unequivocally rejected them, finding, among other grounds for dismissal, that they were long time-barred under applicable statutes of limitations. Unsatisfied with that ruling, Zirvi appealed to the Second Circuit, which affirmed the district court's decision in a summary order. Unsatisfied with that order, Zirvi filed a petition for certiorari to the United States Supreme Court. The Supreme Court turned down his petition without requiring his litigation adversaries to submit any opposition. Unsatisfied with that result, Zirvi commenced the present lawsuit in this district, once again attempting to pursue claims based on the same allegations.

All of this is but the latest chapter. It follows similar litigation efforts by Zirvi and his allies before the United States Patent and Trademark Office and in the District of Delaware, dating back to 2006 and 2010 respectively—all related to the same corpus of allegedly purloined intellectual property. None of this litigation has yielded any finding of misconduct by Thermo Fisher.

Zirvi's lawyers have enabled the filing of multiple, repetitive, and eventually harassing and frivolous claims. Only the imposition of sanctions will deter other lawyers from joining forces with Zirvi to pick up the same time-worn cudgel again. Under Rule 11, the prohibition against filing frivolous claims includes claims barred by the doctrine of *res judicata* where a final judgment in a prior proceeding precludes a plaintiff from relitigating the same or related claims. It also includes the filing of claims barred by statutes of limitations. Here, the prior ruling in the Southern District of New York, affirmed on appeal, made clear that applicable limitations periods had expired, foreclosing Zirvi's current claims.

There is no doubt that Zirvi's counsel is proceeding despite full knowledge of the dispositive issues that bar his present claims. Counsel for Thermo Fisher provided full notice at the outset of this case, explaining the issues of concern, and warned that sanctions would be pursued if the complaint were not withdrawn. Counsel for Illumina provided its own separate, detailed notice and warning.

2

Zirvi's counsel's persistence in the face of notice and warnings has caused Thermo Fisher to incur unnecessary legal fees and expenses. Sanctions should be imposed.

## HISTORICAL AND PROCEDURAL BACKGROUND

Much of the litigation that precedes this case is described in Illumina's motion for sanctions and incorporated by reference herein. (Illumina Br. Supp. Mot. Sanctions [ECF No. 99-1] ("Illumina Br.") 3-8.) From Thermo Fisher's perspective, the salient features of the history are as follows:

Zirvi claims rights associated with certain DNA sequences he allegedly helped identify while a graduate student at Cornell University nearly 30 years ago. (Complaint [ECF No. 1] ("Compl.") ¶¶ 9-12.) Zirvi refers to these sequences as "Zip Codes." (*Id.*) Based on his work, he was named with others, including his Cornell professors, as an inventor on several patents. He assigned his rights under each of the patents to Cornell. (*See* Declaration of Jonathan P. Bach ("Bach Dec."), Ex. 1 (First Am. Compl., *Cornell Univ. v. Illumina, Inc.*, 1:10-cv-00433 (D. Del.)) ¶¶ 12, 13, 33, 34, 36, 37, 39, 40.) The patents, and Zirvi's rights in connection with those patents, have been the subject of multiple litigations.

## The 2006 Patent Litigation

In 2006, Zirvi along with others brought a patent interference claim before the United States Patent and Trademark Office alleging that the Chief Technology Officer of Affymetrix, a company later acquired by Thermo Fisher, had unlawfully

3

derived a patent application and related patents from confidential research performed at Cornell. *Zirvi v. Flatley*, 433 F. Supp. 3d 448, 457 (S.D.N.Y. 2020) ("*Zirvi I*"). The Board of Patent Appeals concluded that Zirvi failed to establish that any Affymetrix patents had been derived from Zirvi and his colleagues' DNA-related research at Cornell. *Id.*

### The Delaware Litigation

In 2010, Cornell and its licensee, Life Technologies (which Thermo Fisher purchased in 2014), sued Illumina for patent infringement in the U.S. District Court for the District of Delaware (the "Delaware Litigation"). (Compl. ¶ 15; *see also* Bach Dec., Ex. 1.) Having assigned his patent rights to Cornell, Zirvi had no claim in the Delaware Litigation. He was, however, a witness, and his deposition was taken in 2015. (Compl. ¶¶ 19, 79); *see also Zirvi I*, 433 F. Supp. 3d at 458.

The Delaware Litigation settled in April 2017. (Compl. ¶ 26.) In June 2017, Cornell moved to vacate the settlement. (*Id.* ¶¶ 27-30, Ex. 4.) Zirvi takes credit for Cornell's motion, alleging that it was based on his discovery of alleged "fraud and collusion" by Illumina and Thermo Fisher. (*Id.* ¶ 30.) The motion was denied. *See Cornell University v. Illumina, Inc.*, C.A. No. 1:10-00433, 2018 WL 1605142, at *1, 3-5 (D. Del. Mar. 29, 2018).

## The SDNY Litigation

In 2018, Zirvi and three of his former Cornell graduate student colleagues filed suit in the Southern District of New York against Illumina, two divisions of Thermo Fisher (Affymetrix and Applied Biosystems), and various individuals (the "SDNY Litigation"). Zirvi and his co-plaintiffs alleged a litany of federal and state law claims, including theft of trade secrets, civil RICO, fraud, breach of fiduciary duty, conversion, and conspiracy. (Bach Dec., Ex. 2 (Sec. Am. Compl., *Zirvi v. Flatley*, 1:18-cv-07003 (S.D.N.Y.)) ¶¶ 600-742.) All of the claims were based on the theory that Thermo Fisher and its lawyers, along with Illumina, had conspired to deprive Zirvi of his claimed intellectual property. (*Id.*) The patents at issue in the SDNY Litigation were the same patents that were at issue in the Delaware Litigation, and the same patents now at issue here. (Compl. ¶¶ 40, 43, Ex. 5; *see also* Bach Dec., Ex. 2 ¶¶ 259, 314.)

Zirvi was given a full and fair opportunity to set forth and litigate any and all claims. The district court twice granted him leave to amend, including after defendants had provided ample notice of glaring legal flaws and statute of limitations problems besetting all of his claims. Zirvi's final complaint was of encyclopedic dimension and spanned 143 pages. Nothing prevented him from bringing any related claim at the time, including claims based on the same nexus of operative facts.

All of Zirvi's claims were resoundingly dismissed on multiple grounds in a careful and fully reasoned opinion. *Zirvi v. Flatley*, 433 F. Supp. 3d 448 (S.D.N.Y. 2020) (Koeltl, J.). The Second Circuit affirmed. *Zirvi v. Flatley*, 838 F. App'x 582 (2d Cir. 2020). The Supreme Court rejected a petition for certiorari. *Zirvi v. Flatley*, 142 S. Ct. 311 (2021). One of the primary grounds of dismissal was that, by virtue of all the prior litigation and patent filings, Zirvi had constructive, if not actual, notice of his claims in earlier years, as far back as 2000, 2006, and 2010, and thus his claims expired at the latest in 2014, under applicable statutes of limitations. 433 F. Supp. 3d at 459-63 (*aff'd* 838 F. App'x at 585-87). The district court also held that Zirvi had failed to state a claim for trade secret misappropriation because he had failed to identify any trade secret with sufficient specificity and to allege how any trade secret derived independent economic value from not being publicly known. 433 F. Supp. 3d at 464-66.

## Zirvi's Current Claims

Zirvi now seeks to have yet another court hear grievances based on the same underlying allegations in the hope of a different result. The vast overlap between Zirvi's allegations in the SDNY Litigation and those in his current case is detailed in Illumina's motion. (Illumina Br. 8-10.) In both cases, Zirvi alleges a conspiracy to deprive him of his intellectual property rights, masterminded by Thermo Fisher and Illumina. The only difference is that Zirvi now names Thermo Fisher's

6

lawyers as among the defendants, whereas in the SDNY Litigation he discussed the same lawyers in the body of his complaint without including them in the caption. (Bach Dec., Ex. 2 ¶¶ 7, 9.)  All of this is explained at length in Thermo Fisher's fully briefed pending motion to dismiss.  (Thermo Fisher Defs. Br. Supp. Mot. Dismiss [ECF No. 82-1] ("TF Defs. MTD Br."); Thermo Fisher Defs. Reply Br. Supp. Mot. Dismiss [ECF No. 96].)

## Zirvi's Counsel Is Put On Full Notice And Warned

Thermo Fisher advised Zirvi's counsel early on that Thermo Fisher would pursue sanctions if Zirvi's current complaint were not withdrawn.  By letter dated June 15, 2023, Thermo Fisher set out the grounds on which it would seek sanctions, fully explaining that Plaintiff's claims were sanctionable given dispositive prior rulings in a final judgment issued by a federal court in the Southern District of New York and affirmed by the Second Circuit, in a case brought by Zirvi concerning the same or very similar allegations.  Thermo Fisher's letter referred specifically to the doctrine of *res judicata* or "claim preclusion," and explained that Zirvi's claims were time-barred.  (Bach Dec., Ex. 3.)  Thermo Fisher served a Notice of Motion for Sanctions, in conjunction with its June 15 letter. (*Id.*)  By letter dated July 10, 2023, Zirvi's counsel responded, requesting an extension of the Rule 11 safe harbor until twenty-one days after the date of Thermo Fisher's first responsive filing.  (Bach Dec., Ex. 4.)  Thermo Fisher submitted its

first responsive filing, a comprehensive motion to dismiss, on September 19, 2023. (ECF No. 82.)  Zirvi's counsel declined to withdraw his complaint, choosing instead to oppose Thermo Fisher's motion to dismiss.  (ECF No. 92.)

## ARGUMENT

**I.     ZIRVI'S CLAIMS AGAINST THERMO FISHER ARE FRIVOLOUS**

Thermo Fisher joins in Illumina's motion for sanctions.[1]  In addition to the grounds set forth in Illumina's motion, Thermo Fisher notes the following in particular with respect to the claims in which it is named.

**A.     Zirvi's Claims Are Clearly Barred By The Doctrine Of Res Judicata**

The doctrine of *res judicata* protects defendants not only from having to relitigate claims that have already been litigated to a final judgment.  It also protects defendants from having to endure successive, piecemeal litigation based on claims that could have been brought in a prior proceeding but were not. *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 157-58 (3d Cir. 2001) ("Claim preclusion is designed to avoid piecemeal litigation of claims arising from the same events.").  There is no question that Zirvi's current claims are related to and arise from the same nexus of operative facts as those he brought in the Southern

---

[1] Thermo Fisher does not join in or address grounds concerning Zirvi's patent inventorship claim (Count I), since that claim is alleged only against Illumina and not Thermo Fisher.  (Cf. Illumina Br. 22-25.)

8

District of New York. In both cases he alleges a conspiracy by Thermo Fisher and Illumina to deprive him of his intellectual property rights. In both cases he alleges that Thermo Fisher's lawyers were active participants in the conspiracy. Nothing prevented him from bringing the claims he currently raises in the prior SDNY litigation. Thermo Fisher should not have to litigate twice. A final judgment should bring finality.

A full discussion of how the doctrine of *res judicata* or "claim preclusion" applies in this case is included in Thermo Fisher's motion to dismiss. (TF Defs. MTD Br. 12-17). It is also included in Illumina's motion for sanctions. (Illumina Br. 15-18.) Sanctions are appropriate where a lawyer, on notice that a final judgment has already issued, nevertheless commences a new and related litigation. *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1181 (7th Cir. 2020) ("[B]ringing a claim that is barred by *res judicata* is sanctionable."); *Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1091 (3d Cir. 1988); *Bowden v. DB Schenker*, 1:17-cv-01999, 2018 WL 1203362, at *3 (M.D. Pa. Mar. 8, 2018).

### B. Zirvi's Claims Are Clearly Barred By The Statutes Of Limitations

As Zirvi's counsel well knows, the Southern District court, affirmed by the Second Circuit, held that claims associated with the alleged theft of Zirvi's intellectual property expired no later than in 2014. Thus, after 2014, even if Zirvi

9

had a cognizable claim, he could no longer bring one.  Against this backdrop, Zirvi's current lawsuit is based on the notion that lawyers, whom he met for the first time in 2015, failed to take appropriate steps to protect and pursue Zirvi's claims.  (Compl. ¶¶ 63-103.)  Zirvi's current claims against Thermo Fisher are entirely frivolous, because after 2014 and as of 2015, Zirvi's claims had expired, such that no lawyer could protect or pursue them.

A full discussion of how the doctrine of "issue preclusion" prevents Zirvi from revisiting the preclusive statute of limitations findings made in the Southern District litigation is included in Thermo Fisher's motion to dismiss.  (TF Defs. MTD Br. 18-23.)  It is also included in Illumina's motion for sanctions.  (Illumina Br. 19-20.)  Sanctions are appropriate where a lawyer proceeds to bring claims in the face of insurmountable statute of limitations problems. *See, e.g., Boykin v. Bloomsburg Univ. of Pa.,* 905 F. Supp. 1335, 1347 (M.D. Pa. 1995) (sanctions awarded when attorney "was put on notice two times by … defendants" that claims were "time-barred," and raised "identical arguments already rejected").

    C.    **Zirvi's Argument That Statutes Of Limitations Were Tolled By The SDNY Litigation Underscores The Frivolity Of His Claims**

In a recent pleading, Zirvi concedes that, per the ruling in the SDNY litigation, statutes of limitation bar his trade secret claims.  (Zirvi Opp. Illumina Mot. Dismiss [ECF No. 78] 9, 11.)  He argues nonetheless that the SDNY litigation somehow tolled and extended the limitations periods, since that litigation was

10

purportedly a "wild goose chase" that served only to further deceive Zirvi. (*Id.* at 19.) This fanciful notion underscores the frivolity of Zirvi's claims: it was he, not defendants, who commenced the SDNY litigation. Defendants responded merely by presenting standard Rule 12(b)(6) defenses, the validity of which has been affirmed at every level of judicial review.

### D. Zirvi's Claims Based On The Counterintuitive Notion That Thermo Fisher's In-House Lawyers Represented Him Are Frivolous

Zirvi's current claims against Thermo Fisher and its In-House lawyers (Rip Finst and Sean Boyle) are all based on the absurd notion that in-house counsel for a corporation somehow represented him, even though he had no affiliation with Thermo Fisher whatsoever. (TF Defs. MTD Br. 24-26.) Surely Zirvi's counsel knows that in-house lawyers are dedicated to the exclusive representation of their corporate employer and its employees, and do not represent unaffiliated individuals such as Zirvi. The absurdity of the notion that Thermo Fisher and its in-house lawyers somehow represented Zirvi is heightened by the lack of any of the standard indicia that an attorney-client relationship was formed. For instance, Zirvi does not allege that he signed an engagement agreement with Thermo Fisher, or its attorneys, or took any other steps to retain them to represent his own personal interests. Sanctions are appropriate where a lawyer pursues such patently frivolous claims. *Napier*, 855 F.2d at 1090 (Rule 11 "requires an attorney who signs a

11

complaint to certify . . . that there is a reasonable basis in law and fact for the claim.").

## II. AN AWARD OF THERMO FISHER'S ATTORNEYS' FEES AND COSTS IS WARRANTED

"District Courts have broad discretion to impose attorneys' fees and costs as sanctions." *Bowden*, 2018 WL 1203362, at *3; Fed. R. Civ. P. 11(c)(4). Here sanctions are necessary to deter Zirvi's counsel and other lawyers in the future from continuing to pursue and recycle moribund claims that have already been the subject of extensive, unsuccessful, and dispositive prior litigation. Zirvi's counsel was provided with notice and ample opportunity to desist before any sanctions were sought. His persistence caused Thermo Fisher to expend legal fees and expenses in briefing a motion to dimisss. Reasonable fees and costs should be awarded as a sanction against further misfeasance.

//

//

//

//

//

12

## **CONCLUSION**

For the foregoing reasons, Thermo Fisher respectfully requests that this Court grant its motion for sanctions and award Thermo Fisher its attorneys' fees and costs.

Dated: October 26, 2023         Respectfully submitted,

By: *s/ Marc D. Haefner*
Liza M. Walsh
Marc D. Haefner
Selina M. Ellis
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102

Jonathan P. Bach (*pro hac vice*)
Julian S. Brod (*pro hac vice*)
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Floor
New York, NY 10036

*Attorneys for Defendants Thermo Fisher Scientific, Rip Finst, and Sean Boyle*